WILLIAM RICHARDSON, plaintiff in error, vs. MARY JANE ROBERTS, defendant in error.

[1.] On appeal trials, all exceptions to interrogatories, except objections for irrelevancy, must be taken and determined before the case is submitted to the jury.

[2.] Where the declaration in slander is filed in February, and the words are alleged to have been spoken in December before, the plea of justification dispenses with any other or further proof as to the speaking of the words.

[3.] A charge that the plaintiff has had a bastard child by a particular person, and is kept by him for his own use, cannot be met and supported by proof as to the neighborhood rumor or reputation upon these matters.

[4.] When the plea of justification is tried, the defendant must prove the truth of the words as spoken.

[5 & 6.] If the plea of justification is tried, but not sustained by the proof, it is an aggravation of the slander.

[7.] A witness may be discredited as to a particular fact, and yet believed as to others, provided he be sustained by corroborating proof.

[8.] To charge a single woman with having a bastard child by a particular person, and to be kept from marrying by him, for his own purposes, is actionable *per se.*

[9.] When there is much evidence on both sides, Courts will not disturb the verdict.

[10.] Five hundred dollars is not excessive, where the crime of fornication is imputed to a single woman, provided the jury believe the charge to be false.

Slander, in Crawford. Tried before Judge CABINESS, March, 1857.

This was an action of slander, by Mary Jane Roberts, against William Richardson. The declaration alleged that the defendant had charged her with fornication with one Nathaniel Griggs, by speaking and publishing of her, the following false, scandalous, malicious and defamatory words, to-wit:

"John Barnes would have married Mary Jane Roberts, if it had not been for me, (meaning him, the said defendant,) I, (meaning the said defendant) prevented him, (meaning the said Barnes,) her child, (meaning the child of your petitioner,) was Nathaniel Griggs'," meaning and intending thereby to charge and accuse plaintiff of illicit intercourse and fornication with the said Nathaniel Griggs, and of having a bastard child by him.

Another count alleged that defendant spoke the following other words of and concerning plaintiff, "that the said Nathaniel Griggs was keeping her, unmarried, for his own purposes," meaning that the plaintiff had been, and was guilty of fornication with the said Griggs.

The defendant pleaded the general issue and the statute of limitations. The case was transferred to the appeal by consent.

Upon the trial, a mass of testimony on both sides was in-, troduced, which it is unnecessary here to set out, as the question made and decided in the Court below, will fully appear in the grounds stated for a new trial, and the decision of this Court.

After the plaintiff had closed, the defendant put in a plea of justification.

The jury found for the plaintiff, four hundred dollars, and defendant moved for a new trial on the following grounds :

1st. Because the Court erred in refusing the motion of defendant's counsel, to exclude the depositions of Martha Bryan and Margaret Bryan, offered by plaintiff, said motion being founded upon the written objection made to said answers, filed on the interrogatories, before commission issued, upon the ground that said interrogatories were leading, illegal and irrelevant. Said motion to exclude being made after the case was submitted to the jury, and while the interrogatories were being read, and before the plea of justification was filed, the Court confining the defendant to the question of irrelevancy, as presented in his motion.

2d. Because the Court erred in overruling defendant's motion, made after the evidence had closed, to exclude the case from the jury, on the ground that it did not appear by the evidence, when the words were spoken, the pleas of the statute of limitations and justification being filed.

3d. Because the Court erred in ruling out the answers to certain interrogatories tendered by defendant, to prove that the child mentioned in plaintiff's declaration, which Griggs was alleged to be the father of, was reported to be a bastard in the neighborhood where it was born, and also to prove that Griggs was the reputed father of the child.

4th. Because the Court erred in charging the jury that under the plea of justification, (filed in said cause, after the evi-

dence of plaintiff had been closed,) the defendant must prove the truth of the slanderous words as spoken; that proof that the child was a bastard is not sufficient, and it must be proved to be Griggs' child. The evidence need not be positive, it may be proved by facts and circumstances satisfying the minds of the jury.

5th. Because the Court charged the jury, *that if the plea of justification is not proved, it was an aggravation of the slander.*

6th. Because the Court refused to charge the jury as requested by defendant's counsel; that if the jury believed from the evidence, that the child alleged to be the child of Griggs, was a bastard, it is evidence·of bad character, and the plaintiff is not entitled to recover; and in charging the jury, that evidence that the child is a bastard was not sufficient to support the plea of justification, it must be shown to be the child of Griggs.

7th. Because the Court erred in refusing to charge the jury as requested; that when a witness is discredited, and shown to have sworn falsely in relation to one particular fact, that his evidence is to be discredited altogether, and he is not to be believed at all; and in charging that where a witness is shown by evidence to have sworn corruptly false in relation to any particular fact, that he is not to be believed, unless the remainder of his testimony is supported by other witness-es, or corroberated by circumstances; and that what Nathaniel Griggs, a witness for plaintiff, may have said of the child's being the child of his son, was not to effect the plaintiff, but his denial of having made such a declaration, and its being proved that he did, by another witness, was to go to his credibility.

8th. Because the verdict is contrary to law.

9th. Because the verdict is contrary to the evidence, and decidedly and strongly against the weight of evidence.

10th. Because the damages are excessive.

After argument, the Court overruled all the grounds, and

Richardson vs. Roberts.

refused the motion for a new trial, and defendant's counsel excepted.

HUNTER and CULVERHOUSE, for plaintiff in error.

POE & GRIER, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

As the motion for a new trial, embraces all the grounds in the bill of exceptions, I will proceed at once to the consideration of that.

[1.] The first error complained of is, that the Court allowed the interrogatories of Martha and Margaret Bryan to be read, notwithstanding the written objections filed thereon by defendant's counsel that they were leading, illegal and irrelevant. The Court considered the last objection, and holding, that the testimony was pertinent to the issue, allowed the depositions to be read. The Judge refused to consider the other objections, under the act of February, 1854, (*Pam.* 49,) which requires all other objections, except those made for irrelevancy "to be taken and *determined* before the case is submitted to the jury." As to the relevancy of the testimony, both witnesses prove the charges contained in the declarations, and other slanderous words spoken in reference to the same subject.

We see no error in this assignment.

[2.] The next complaint is, that the Court refused to nonsuit the plaintiff after the evidence had closed. This objection as appears from the record, was based upon this idea: that the statute of limitations being pleaded, the plaintiff had failed to prove the speaking of the words, within six months next preceeding the commencement of the suit.

It will be noticed that the plea of justification had been filed. The writ alleged that the words were spoken in December, 1854, and the declaration was filed in February thereafter. Now, the plea admitting the slander as charged in the writ, and the defendant taking upon himself the bur-

den of establishing their truth, he dispensed with any proof to make out the case; and consequently the Court was right in refusing a nonsuit,

[3.] The next complaint is, that the Court ruled out the evidence of the defendant, to the effect that the child of the plaintiff was *reputed* to be a bastard, and that Nathaniel Griggs was reported to be its father. We know of no case where a criminal charge like this, is allowed to be proven by rumor or reputation. It would be a most dangerous doctrine. The defendant himself propagates a report of this sort in the neighborhood, and then relies upon the rumor which is indebted to him for its paternity, to justify him in giving utterance to the slander. His accusation must be supported by proof, not by rumor or reputation.

But, I forbear to argue this point. Since this opinion was delivered, a highly esteemed professional friend, who heard it, was kind enough to refer me to the case of *Jones vs. Stevens,* 5 *English Exch. Rep.* 62 ; 11 *Price,* 282. 283, where it was held, that general evidence of the plaintiff's bad character and ill repute in his business, as a practicing attorney, cannot be admitted, either to contradict the allegation in the declaration, that the plaintiff, during &c., exercised and carried on the business of an attorney with great credit and reputation, with a view to mitigating damages on the general issue, or in support of averments in the defendant's pleas, pleaded by way of justification, that the *plaintiff* was a disreputable professor and practitioner in the law. In the case before us, it is proposed for the same objects, to prove a particular neighborhood rumor or reputation, which is much worse.

[4.] The next ground is, that the Court held, that the defendant having filed the plea of justification, he must prove the truth of the charge as spoken, and that proof that the child of Mary Roberts, was a bastard, was not sufficient. The Court remarked that this proof could only be let in for one purpose, and that is to show the character of the plaintiff for want of chastity, and thereby lessen her claim for

Richardson vs. Roberts.

damages. But that this could only be done by testimony as to her general reputation, and not by proof of a particular fact like this.

All of which we think right.

[5.] The Court instructed the jury, that if the plea of justification is not made out, the filing of it was an aggravation of the slander, such we understand to be the law.

[6.] The sixth assignment is but a repetition of the 4th, and there is this obvious objection to the charge as requested, to-wit: that if the jury believed that plaintiff's child was a bastard, it was proof of bad character, and consequently the plaintiff was not entitled *"to recover any thing,"* such is not the law.

[7.] We see nothing wrong in the 7th assignment. The Court expounded the rule of evidence correctly.

[8.] It is argued that the verdict is contrary to law, because the words set out in the declaration are not actionable *per se ;* that there is no *colloquium* to make them so, and no special damages laid.

We hold, that the words were actionable in themselves, They impute to the plaintiff, the crime of fornication, and that she was living in a state of fornication with Griggs.

[9.] As to the evidence, there was much on both sides, quite enough on the part of the plaintiff, to justify the verdict.

[10.] As to the excessiveness of the damages, they are small at best; much too small if the charge be false. And Courts can feel but little sympathy for a *man* who will go about through a neighborhood prating about such matters. It is bad enough in women. But women will talk, for God has made them so. It is *un*-manly in a man thus to tattle, and suppose it be true, that this woman was seduced by her step-father, under the advantages which he possessed for that purpose, the compassionate Saviour of the world, who said to one taken in adultery, "go and sin no more," would have covered her fault with the mantle of his silence. Let his erring, fallible creatures imitate his divine example,

otherwise they need not resort to this tribunal to get relief from the just penalty of their own unpitying persecutions.

Judgment affirmed.