## BENNETT *v.* CRUMPTON.

1. A brought suit against B for slander for using of and concerning him the following words: "It is the general belief among the negroes and a great many white people that A broke open the smoke-house of C, a negro, and stole therefrom a quantity of meat and syrup." A plea of justification was insufficient which alleged that B had used such words and that his statement as to the existence of such belief of A's guilt was the truth. The plea should have averred further that A was in fact guilty of the crime imputed to him by the report and belief which B had repeated. The proof necessary to establish a plea of justification in such case would be A's guilt of the crime imputed to him as shown by a preponderance of the testimony. Proof of the fact that it was the common report and belief in the neighborhood that A was guilty would not be sufficient. "Tale-bearers are as bad as tale-makers," and it is no defense that the speaker did not originate the slander, but heard it from another.

2. The court erred in instructing the jury that the plea of justification would be established by a preponderance of the evidence showing that the statement made by B, as to the existence of the general belief that A was guilty of the crime imputed to him, was true.

3. The court erred in refusing a written request to charge embodying the principle stated in the first headnote.

4. The court also erred in admitting testimony to the effect that it was "the general belief and report of the neighborhood that A was guilty of breaking open the smoke-house of C, and stealing his meat and syrup," in support of the plea of justification. Such evidence would be admissible in mitigation of damages.

Slander, from city court of Dublin—Judge Burch. February 19, 1906.

Argued February 19,—Decided March 22, 1907.

*George B. Davis, Ira S. Chappell,* for plaintiff.

*John S. Adams,* for defendant.

HILL, C. J. K. H. Bennett brought suit against R. H. Crumpton, in the city court of Dublin, for slander in using of and concernhim the following words: "It is the general belief among the negroes and a great many white people that K. H. Bennett broke open the smoke-house of Lee Tillery, a negro, and stole therefrom a quantity of meat and syrup." The defendant filed the following plea: "that he did . . use the words of and concerning the

plaintiff as set out in the . . petition, and he asserts that the report concerning the plaintiff . . is and was true; and defendant stands ready to prove the same." The plaintiff demurred to this plea because "it is too vague and uncertain, and does not amount to a plea of justification, because it does not admit the truth of the charge and imputation of burglary and theft as charged in the declaration, and offer to prove the same, but admits only the report concerning the plaintiff, and offers only to prove that said report is true." The court overruled this demurrer and allowed the plea to stand as a sufficient plea of justification. The court instructed the jury that the plea would be sustained if the preponderance of the evidence established the truth of the admission, to wit, that it was the general opinion among the negroes and a good many white people that the plaintiff had stolen the meat and syrup from the negro mentioned. The error assigned in this charge was, that it confined the jury to a consideration of the question of opinion in the-community as to the plaintiff's guilt, creating the impression on the minds of the jury that if the defendant succeeded in proving that such was the opinion in the neighborhood, the plea of justification would be fully proved; whereas the court should have charged that in order for the plea of justification to avail, it was necessary for the defendant to prove by a preponderance of the evidence that the plaintiff was guilty of the burglary and larceny as set out in the declaration. The court refused a written request to give the following charge: "In order for defendant to sustain the plea of justification, it is necessary for him to prove, by a preponderance of the testimony, that Bennett is guilty of breaking open Tillery's smoke-house and stealing therefrom his meat and syrup; then your verdict must be for the defendant, for then the defendant would have made good his plea of justification by proving to your satisfaction that Bennett is guilty as charged in the declaration, and he was justified in using the language concerning Bennett, because it was the truth. If, on the other hand, a preponderance of the testimony convinces you that Bennett is not guilty of breaking open Tillery's smoke-house and stealing his meat and syrup, then your verdict should be for the plaintiff in some amount. It makes no difference what the common belief is or the current reports in the community." It is also claimed that the court allowed, over the plaintiff's objection, certain witnesses to

testify that "it is the common report or belief in the neighborhood that Bennett stole Lee Tillery's meat and syrup, and the people generally believe that he did it." The objection made to this testimony was that "it was hearsay and inadmissible, and incompetent to prove a charge of burglary and larceny."

We do not think the plea or the evidence submitted in support thereof sufficiently averred or proved justification. One who repeats a charge imputing to another a crime, when called upon to account, can not legally justify by showing that the alleged slander originated with others, and that he merely repeated it. Under the plea of justification he must go further, and prove by a preponderance of the testimony that the plaintiff did as a matter of fact and truth commit the offense with which he is charged. "Every repetition of a slander originated by a third person is a wilful publication of it, rendering the person so repeating it liable to an action. 'Talebearers are as bad as tale-makers.' And it is no defense that the speaker did not originate the scandal, but heard it from another, even though it was a current rumor and he in good faith believed it to be true." Newell on Slander and Libel, 350. "Thus, if the libel complained of be 'A. B. said that plaintiff had been guilty of fraud, etc.,' it is no avail to plead that A. B. did in fact make that statement on the occasion specified. Each repetition is a fresh defamation, and the defendant by repeating A. B.'s words has made them his own, and is legally as liable as if he had invented the story himself. The only plea of justification which will be an answer to the action must not merely allege that A. B. did in fact say so, but must go on to aver with all necessary particularity that every word which A. B. is reported to have said is true in substance and in fact." Odgers on Libel and Slander, 173.

This rule, as declared by these standard authorities, is abundantly supported by the courts. A few decisions hold that slanderous words may be justified by giving another as the author by whom the assertion had previously been made, but it is generally held that this is not the law, both by the courts of England and this country. Bennett *v.* Bennett, 6 C. & P. 588; DeCrespigny *v.* Wellesley, 5 Bing. 392, 2 M. & P. 695; Dole *v.* Lyon, 10 Johns. 447; Treat *v.* Browning, 4 Conn. 408; Graves *v.* State, 9 Ala. 450. In Waters *v.* Jones, 3 Porter, 442, the words were, "It is the general opinion of the people in Jones' neighborhood that he burnt Cole-

man's gin-house," and it was held that they were actionable, and that proof that such was the belief would furnish no defense. In the case of Brewer *v.* Chase, 121 Mich. 526, it was held, that "where one publishes that he has heard that another has been guilty of certain disgraceful conduct, though he give the source of his information, he makes the charge his own, and must show, in an action for libel, to constitute justification, not merely that he has in fact heard it, but that the charge itself is true." In Kennedy *v.* McLaughlin, 5 Gray, 3, the court says, "the 'story' uttered or repeated by the defendant contains a charge against the plaintiff of a nature to destroy her reputation. . . It is no answer, in any forum, to say that she only repeated the story as she heard it. If the story was false and slanderous, she must repeat it at her peril. There is safety in no other rule." In McPherson *v.* Daniels, 10 Barn. & C., 263, it was held that if A said of X that he was a thief, and C published that A said of X that he was a thief, in a certain sense C would publish the truth, but not in a sense that would constitute a defense. See also *Giddens* v. *Mirk,* 4 *Ga.* 364. But we do not think it necessary to multiply authorities on this point. Our own Supreme Court, in *Cox* v. *Strickland,* 101 *Ga.* 482 (3), declares the law to be as herein contended,—that to justify the repetition of an accusation of crime, the proof must show not only the fact of the accusation, but the truth of the accusation. From what we have said, it follows that, in our opinion, the charge of the court complained of, and the refusal to give the charge requested, were erroneous.

We also think that the court erred in admitting the testimony to the effect that it was the general belief and report of the neighborhood that the plaintiff was guilty of breaking open the smokehouse of Lee Tillery and stealing his meat and syrup. Common fame may probably be given in evidence in mitigation of damages, but not in support of a plea of justification.

The judgment of the trial court, refusing a new trial, is

*Reversed.*