26386. WOOD v. CONSTITUTION PUBLISHING COMPANY.

124

Decided December 4, 1937.
Adhered to an rehearing, December 20, 1937.

*Clint W. Hager, J. F. Kemp, Carl N. & Frank T. Davie,* for plaintiff.

*Howell & Post,* for defendant.

STEPHENS, P. J. Mrs. Otis Wood, who, as appears from the evidence, was Mrs. Colline Wood, the wife of Otis Wood, brought suit for libel against the Constitution Publishing Company. It was alleged in the petition that the defendant, during the month of August, 1934, was engaged in the publication of a daily newspaper in the City of Atlanta, State of Georgia called the Atlanta Constitution, which during that period had a wide circulation, with a daily issue of a large number of papers, and on August 15, 1934, there were issued a large number of papers which were read by thousands of persons upon that day over a wide territory; that the defendant, on August 15, 1934, published in the Atlanta Constitution an article in which the plaintiff was mentioned, the article reading as follows: "Atlantan, wife held in seizure of alcohol. Gulfport, Miss., Aug. 14, (AP) Federal internal revenue agents seized a truck and 600 gallons of Cuban grain alcohol in Hancock County this morning, and arrested Otis W. Wood and his wife, of Atlanta, who were allegedly conveying the shipment from New Orleans to Atlanta. Wood and his wife were brought to Gulfport this morning and arraigned before United States commissioner J. W. Savage, and, waiving preliminary hearing, were held to the Federal grand jury, with

bond for Wood fixed at $2500 and for Mrs. Wood at $1000. Specific charges against the couple, whose automobile also was seized by the government agents, are violation of the tariff act and having in their possession alcohol upon which a tax had not been paid." It was alleged that the published article was a false and malicious defamation of the plaintiff, expressed in print in a newspaper, tending to injure her reputation and exposing her to public hatred, contempt, and ridicule; that the article contained false and untrue statements, in that the plaintiff was not in Mississippi at the time stated, August 14, 1934, but was in the City of Atlanta, was not present at the time and place stated, and had no connection whatever with the incidents and things stated in the article; that she was not arrested with her husband Otis W. Wood at the time stated, or at any other time; that she was not engaged in transporting or aiding and assisting in the transportation or shipment of Cuban grain alcohol from New Orleans to Atlanta as was stated, and was not arraigned before the United States commissioner and bound over under bond of $1000; that she was not charged with the violation of the tariff act and being in possession of alcohol upon which a tax had not been paid; that said article is "libelous per se" in that it charges the plaintiff with the commission of a crime of which she is not guilty; that the defendant, in the publication of the alleged libelous article, showed a reckless disregard for the rights of the plaintiff, and printed such libelous matter without seeking to ascertain the truth about the matters referred to; and that the plaintiff by reason of such libelous publication has been injured and damaged in the sum of $50,000.

The defendant in its plea in effect admitted that it published a newspaper with a large circulation as alleged, and published in the issue of its paper on the date alleged, August 15, 1934, the article alleged, but denied that the article contained matter which was false or libelous of the plaintiff, and denied liability for its publication. It further alleged, that it received news articles from an institution called the "Associated Press, which is a reliable and trustworthy news association, bearing the highest reputation for accuracy in its reports;". that it is impossible for the defendant "to have its individual employees at all points where newsworthy occurrences may happen," and for this reason

it is impossible for the defendant to "check with absolute certainty articles sent it from such places;" that the defendant received from the Associated Press "a report which, with the change of only three immaterial words, is verbatim the same as the article complained of by" the plaintiff, that neither the defendants nor its employees had anything to do with the report of the Associated Press, which was a corporation completely separate and distinct from the defendant; and that "any conceivable error in a report such as is complained of in this situation is the error of the Associated Press, and not in any manner the error of this defendant." The defendant further pleaded that the publication of the article complained of was privileged, and that it was not published maliciously, and therefore the defendant is not liable in damages for its publication, in that the alleged article is a "fair, honest, and truthful report of judicial proceedings, and of information received from arresting officers, in that two persons giving their names as Otis Wood and Mrs. Ethel Wood were complained against, arrested, committed, and released on bond by the United States commissioner at Gulfport, Mississippi." Attached as exhibits were copies of the complaint, commitment, and bonds of Otis Wood and Mrs. Ethel Wood, which it was alleged constituted true, correct, and accurate copies of original records of the United States district court of the southern district of Mississippi. It was alleged that the arresting officer and the United States commissioner stated that the two accused persons gave their names first as "Walter C. Goodson and Ethel Goodson," and at a preliminary hearing before the United States commissioner they stated that they had not given their correct names, but that they were "Otis Wood and his wife, Ethel Wood;" that Otis Wood continually referred to the woman who was with him as his wife; and that "all of this information came through the proper channel to the Associated Press and by said Associated Press to defendant." The defendant further alleged that it had no knowledge or contact with, and no conceivable desire to embarrass or humiliate any one; that it is absolutely necessary to disseminate information of interest; and that the defendant was actuated solely and exclusively by a desire to fulfill its duty of giving newsworthy items for publication for the benefit of its patrons, and in the publication of the article in question the defendant was in no sense actuated by malice.

It appears conclusively and without dispute, from the evidence, that the defendant published in its newspaper for wide circulation the article complained of, which it received from the Associated Press; that the article stated that the wife of Otis W. Wood of Atlanta had been arrested in Mississippi on August 14 (which was in the year 1934); that she had been brought to Gulfport and arraigned before United States commissioner, Savage, and held to the Federal grand jury under a $1000 bond; that she was charged with a violation of the tariff act in having in possession alcohol on which a tax had not been paid; that all of these charges, in so far as they referred to the wife of Otis W. Wood, who was the plaintiff, were false, in that the plaintiff, who was the wife of Otis W. Wood, was not in Mississippi at the time, but was in Atlanta, Georgia; that she was not arrested or arraigned before the United States commissioner, nor were charges made against her for a violation of any law, as stated in the article; that the article, in so far as it contained any statements with reference to the wife of Otis W. Wood, who was the plaintiff, was false. It appears conclusively and without dispute, from the evidence consisting of the exhibits referred to in the plea of the defendant as being copies of the records of the United States court of the southern district of Mississippi, and of which the defendant alleges that the article complained of and published in its newspaper, the Atlanta Constitution, was a fair and honest report, that the paper constituting the complaint against the people alleged to have been arrested in Mississippi referred to them as "Otis Wood alias Walter C. Goodson, Ethel Goodson alias Ethel Wood;" that the complaint which was made by the deputy collector of internal revenue, Palmer, was against "Otis Wood alias Walter C. Goodson, Ethel Goodson alias Ethel Wood," and charged that on the 13th day of August, 1934, at Hancock in the southern district of Mississippi they did unlawfully, feloniously, etc.; that the "commitment" by Savage, the United States Commissioner for the southern district of Mississippi, committed to the keeper of the jail of Harrison County "Walter C. Goodson and Ethel Goodson, alias Otis Wood and Ethel Wood," who had been arrested on the oath of David W. Palmer, D. C. of I. R., after having, on or about the 13th of August, in said district, violated the internal revenue laws, and against whom probable cause had been shown of the commission of the offense charged;

that the bonds which were executed by the arrested persons referred to "Otis Wood" and "Mrs. Ethel Wood" as principals, and were signed "Otis Wood" and "Mrs. Ethel Wood." Nowhere in any of these records alleged as being records of court proceedings in the United States district court of Mississippi was the woman who was arrested referred to other than as "Ethel Goodson," or as "Ethel Wood," or as "Mrs. Ethel Wood;" and nowhere was she mentioned or referred to as being the wife of the other person arrested who was Otis Wood. There therefore appears from the evidence no record of any court proceedings against Mrs. Otis Wood, or Mrs. Colline Wood, the plaintiff, or against any person as the wife of Otis Wood.

It appears from the evidence that after deputy collector Palmer had filed a complaint against "Otis Wood alias Walter C. Goodson, and Ethel Goodson alias Ethel Wood" before United States commissioner Savage, he brought the two defendants, "who were Otis Wood and said woman," before the commissioner and stated that they were charged with conveying a shipment of alcohol from New Orleans to Atlanta; that the defendants, that is the persons who had been arrested, stated in open court to the commissioner that in giving the names of Walter C. Goodson and Ethel Goodson when they were arrested they had not given their correct names, but that "Mr. Wood's name and the woman was his wife, and her name was Ethel Wood;" that the commissioner amended the complaint by adding the aliases; that Mr. Wood at the hearing spoke to the commissioner as follows: "I would like for you to release my wife without bond, as she is not guilty of anything she is charged with; and if you will release my wife she can catch the train for Atlanta and arrange for my bond, then I can proceed on to Atlanta;" that the commissioner declined the request, and stated that he would have to hold both of the defendants to await the action of the grand jury; that Wood then asked the commissioner what kind of jail they had in Gulfport, and stated that his wife had never been in jail, and he would like for her to be as comfortable as possible. It also appears from the evidence that when these defendants were committed to jail Mr. Wood, one of the defendants, requested the jailer to "fix Mrs. Wood's rooms as comfortable as he could, as his wife had never been in jail before." It further appears from the evidence that Mr. Hoyle, a newspaper reporter at Gulfport, but

not employed by the Associated Press, made his customary call at the office of commissioner Savage on the morning of August 14, and the commissioner told him that a "Mr. Wood and his wife" had been arrested by Federal agents in Hancock County and arraigned before him, the commissioner, on the charge of having in their possession alcohol upon which the tax had not been paid to the government, and had been lodged in the county jail at Gulfport, where they were being held in default of bail fixed by him early in the day when they were arraigned before him, and that they were alleged to have transported the alcohol from New Orleans toward Atlanta, and had been arrested in connection with the seizure of a truck and six hundred gallons of Cuban alcohol, and charged with a violation of the tariff act and having in possession alcohol upon which the tax had not been paid; that the commissioner stated that they had first given the names of Walter C. and Pearl Goodson, but had later declared that their correct names were Otis Wood and Ethel Wood, and that this had taken place at the hearing before him; that the commissioner at the same time told the reporter that Wood had asked him in court to release his wife without bond in order that she might go to Atlanta and arrange bond for him; that later Hoyle telephoned the jailer and inquired if "Wood and his wife" had made bond. The jailer informed him that they were still in jail. No statement was made at any time before any of the parties to indicate that the woman accompanying Wood was not his wife. It appears that Mr. Hoyle wrote an article substantially the same as the one which appeared in the Atlanta Constitution, and which is the basis of the plaintiff's suit, and forwarded the same to the Associated Press, and the article was by the Associated Press transmitted in due course to all members thereof. There was evidence with reference to the marital differences between the plaintiff and her husband, and as to her having instituted a divorce suit against him, all of which transpired after the publication of the alleged libelous article by the defendant; that the plaintiff and her husband had been separated before his arrest in Mississippi, that this separation was because he would not stay at home, and that he had been in the "bootlegging" business; and that he had farmed some and ran a grocery store. There was also introduced in evidence a judgment of the United States court, rendered in November afterwards, im-

posing a sentence on O. W. Wood and "Mrs. Ethel Goodson alias Mrs. O. W. Wood." There was also introduced evidence that the defendant was a member of the Associated Press, which was an association which collected news for various newspapers belonging to the association and forwarded it to its members; that the alleged libelous article which was the basis of the plaintiff's suit was received by the defendant from the Associated Press; and that the Associated Press was a reliable and trustworthy news agency.

The jury found for the defendant. The plaintiff moved for a new trial on the grounds that the verdict was contrary to law and without evidence to support it; and on the ground that the court erred in admitting, over the objection of the plaintiff's counsel, the evidence above mentioned of the record of the proceedings in the United States court in Mississippi against O. W. Wood and Ethel Wood, on the ground that these proceedings did not refer to the plaintiff, and on the further ground that the libelous article did not purport to be an account of any court proceeding or statements of any arresting officers, and that the alleged libelous charge as made in the article was made on the authority of the defendant; and, on the ground of irrelevancy and immateriality, of the evidence as to the plaintiff's divorce, her husband being in the "bootlegging" business, farming, and running a grocery store, the evidence as to the sentence of O. W. Wood and "Mrs. Ethel Goodson alias Mrs. O. W. Wood," imposed by the United States court in Mississippi, in November, 1934, some months after the publication of the alleged libelous article, the evidence with reference to the Associated Press; and on the ground that the court erred in charging the jury on certain matters, and refusing certain requests to charge, the nature of which will appear hereinafter in the opinion. The court overruled the motion for new trial, and the plaintiff excepted.

The controlling questions presented for determination are whether the article published by the defendant in its newspaper, which falsely stated that the plaintiff had been arrested and arraigned on a charge of violating the law, contains libelous matter published on the authority of the defendant; and whether, irrespective of the falsity of the charge, the publication of the article was privileged as being a fair and honest report of court proceedings, or a truthful report of information received from arresting

officers or police authorities, or as being a report of a news article sent by the Associated Press, which was a trustworthy, honest, and accurate news gatherer, and that the article was published without malice. The law does not recognize as privileged the repetition of an untruthful and libelous statement on the ground that it was communicated to the person making the statement by an authority having a reputation for truth and accuracy. While the Associated Press no doubt deserves all that is said for it as being a trustworthy, honest, and accurate news gatherer, a newspaper, in publishing Associated Press news reports, can not justify itself as publishing a privileged communication, or otherwise, on the ground that the Associated Press is a trustworthy, reliable, and truthful organization for the gathering and dissemination of news. *Ivester v. Coe,* 33 *Ga. App.* 620 (6) (127 S. E. 790); Kimball *v.* Post Publishing Co., 199 Mass. 248 (4) (85 N. E. 103, 19 L. R. A. (N. S.) 862, 127 Am. St. R. 492). The publication of the alleged libelous article is therefore not privileged as having been received by the defendant from the Associated Press. As provided in the Code, § 105-704, "A fair and honest report of the proceedings of legislative or judicial bodies, or of court proceedings, or a truthful report of information received from any arresting officer or police authorities, shall be deemed a privileged communication; and in any action brought for newspaper libel the rule of law as to privileged communications shall apply." It is well settled that the publication of any statement by a newspaper made upon its own authority, and not purporting to be a report of a judicial proceeding or information received from an arresting officer or a police authority, is not privileged under the law which renders privileged a fair and honest report of court proceedings or a truthful report of information received from any arresting officer or police authority. The publication constitutes a charge by the person uttering it, and he is responsible therefor. It is stated in 17 R. C. L. 345: "A publisher must not declare on his own authority the existence of facts which are only asserted in the proceedings. He is limited to reporting the fact of the assertion." See also Storey *v.* Wallace, 60 Ill. 51 (2); Lewis *v.* Hayes, 165 Cal. 527 (2) (132 Pac. 1022, Ann. Cas. 1914D, 148); Ilsley *v.* Sentinel Co., 133 Wis. 20 (4) (113 N. W. 425, 126 Am. St. R. 928); Hulbert *v.* New Nonpareil Co., 111 Iowa 490 (82 N. W. 928).

An examination of the article published will reveal the fact that it charges on the authority of the defendant itself, in a communication from the Associated Press, and not as purporting to be a publication of any court proceeding or any report of information received from an arresting officer or a police authority, that Federal revenue agents had seized a truck and six hundred gallons of Cuban grain alcohol in Hancock County, Mississippi, and had arrested Otis W. Wood and his wife of Atlanta, who were allegedly conveying the shipment from New Orleans to Atlanta, and that Wood and his wife were brought to Gulfport, Mississippi, and arraigned before United States commissioner, J. W. Savage. This is a categorical statement that the plaintiff, who at the time was the wife of Otis W. Wood of Atlanta, was arrested and brought to Gulfport and arraigned before the United States commissioner, after Federal agents had seized a truck containing grain alcohol which they were "allegedly" transporting. The inference is authorized that it contains an intimation that Otis W. Wood and his wife were arrested for the commission of a crime. The article does not indicate that the arrest was on a warrant issued from a court, or was the result of any court proceeding. Nor does it purport to show any report of the arrest, or any statement by an arresting officer or police authority. It was therefore error for the court to refuse to charge, on written request by the plaintiff timely made, and which was nowhere covered by the general charge, that "the publication of a statement by a newspaper, made upon its own authority, and not purporting to be a report of a judicial proceeding or a report of a police officer or other peace officer, is not privileged. The responsibility can not be evaded by proof or offer of proof that the facts as published were derived or obtained from such source."

It is essential to the privileged character of a newspaper publication that it be a fair and honest report of the proceedings of a legislative or judicial body or of court proceedings, or that it be a truthful report of information received from any arresting officer or police authority. A newspaper article which purports to be a report of a court proceeding is manifestly not a fair and honest report, where it falsely and untruly states that a person has been proceeded against, when in fact it clearly and unequivocally appears from the proceedings that the person proceeded against was another and different person from the one referred to in the newspaper

article. Where the newspaper article is not a fair and honest report of the court proceedings purported to be reported in the article, its publication is not privileged. The article in question, whether it contains a charge against the wife of Otis W. Wood on the authority of the defendant, or whether it is a report of a judicial proceeding or of information received from an arresting officer or police authority, is not a true account of the court proceeding referred to in the article and which the defendant contends in its plea of privilege is fairly and honestly reported in the article. Nowhere in the court proceedings as appears in the evidence, was the woman who was arrested in Mississippi, as charged in the article, and whom the article charged was the wife of Otis W. Wood of Atlanta, proceeded against as the wife of Otis Wood or Otis W. Wood, or as Mrs. Colline Wood, the name of the plaintiff; but the woman alleged to have been arrested in Mississippi with Otis W. Wood, was, as it appears from the court proceedings introduced in evidence, consisting of the complaint, the commitment, and the bonds, proceeded against only as "Ethel Goodson" or "Ethel Wood." Nowhere in any of these proceedings is the woman referred to as the wife of the man arrested or as the wife of Otis Wood of Atlanta. The criminal charge made in the proceedings against the persons arrested was not one which in any way involved the marital status of the woman arrested, but was a charge only of illegally transporting alcohol. The statement of Mr. Wood and the woman who was arrested with him, made on the hearing before the commissioner, Savage, when they were arraigned before him, that the woman was Mr. Wood's wife, although it might be a part of the court proceedings, is not reported, relied upon, or in any way referred to in the alleged libelous article published by the defendant. The charge as contained in the article that Otis W. Wood and his wife were arrested, arraigned, and put under bond for the violation of a criminal statute is not a report, and does not purport to be a report, of any assertion or claim made although in open court by the man arrested that the woman arrested with him was his wife. The former is a categorical statement, on the authority of the Constitution, that the woman arrested was the plaintiff, and the latter is a statement by the man arrested that the woman with him was his wife. The reference by Mr. Wood to this woman as his wife, made to the jailer in Gulfport when he

was carried to jail, is in no way any part of a court proceeding and is no statement by an arresting officer or a police authority. The statements made by Commissioner Savage to Hoyle, the reporter of the Associated Press, after Wood and the woman had been arrested and had been committed to jail by the commissioner, in which the commissioner stated that Wood, on the hearing before the commissioner, and otherwise, had referred to the woman as his wife, and that Wood and his wife had been arrested, etc., were not statements made as part of any court proceeding, and were not statements which constituted any report of an arresting officer or police authority. While it was made by the commissioner, who was a judicial officer and who had committed Wood and the woman to jail, it was made by him outside of the discharge of any official duty. It was made only as a statement by one man to another as to what had transpired in a court proceeding and at other places. A newspaper publication based on this statement of the commissioner to the newspaper reporter is not privileged.

It appearing without dispute from the evidence that the alleged libelous article was not privileged as being a fair and honest report of court proceedings, or as being a truthful report of information received from any arresting officer or police authority, the court erred in giving in charge to the jury the law with reference to what constituted a privileged communication.

The proceedings in the court in Mississippi, consisting of the complaint, the commitment and the bonds, the statements made before the commiting magistrate on the hearing by Wood, the man arrested, and the woman arrested with him, to the effect that she was his wife, the statement by the man arrested to the jailer to the effect that the woman was his wife, the statement made by Commissioner Savage to the news reporter who transmitted to the defendant the publication in question, including the reference to the man and woman arrested being husband and wife, all of which were in evidence, tended to show the source of the defendant's information as the basis for the article published, the motive of the publication, and a lack of malice therein on the part of the defendant, which would minimize the plaintiff's damage. The court did not err in admitting these matters in evidence. The evidence as to the plaintiff's marital status, and as to her husband having been in the "bootlegging business" or other business, is not

relevant to illustrate the issues presented under the pleadings. Whether or not, in view of other evidence which had been admitted, the court erred in admitting this evidence, it is unnecessary to decide, since a new trial is granted on grounds which have no relation to the question of the relevancy or the admissibility of this evidence. The sentence of the man and woman arrested in Mississippi, imposed in the Federal court in November, which was some months after the publication of the article complained of, was irrelevant and immaterial to any issue presented. The court erred in admitting it in evidence. Since whether the defendant's publication of the alleged libelous article was actuated by malice was an issue presented under the pleadings and the evidence, the evidence as to the character of the Associated Press as being a reliable and trustworthy organization for the gathering and dissemination of news articles to its members, including the defendant, and the other evidence with reference to the character and organization of the Associated Press, was properly admitted as tending to show the lack of malice in the defendant in the publication of the article referred to.

It is libelous and actionable per se, that is, without any proof of special damage, for a newspaper "to publish falsely of another that there are criminal cases pending against him," as where, in this case, it was falsely charged by the defendant that the plaintiff, who was the wife of Otis W. Wood, was arrested by Federal agents and brought to Gulfport in connection with the criminal transportation of alcohol, etc. *Witham* v. *Atlanta Journal,* 124 *Ga.* 688 (2) (53 S. E. 105, 4 L. R. A. (N. S.) 977.) The evidence demanded the inference and the finding by the jury that the publication of the alleged libelous article in its entirety by the defendant in its newspaper, the Atlanta Constitution, was not privileged. It authorized a finding that the published article contained a false and libelous charge against the plaintiff, by accusing her of being arrested for and being charged with the commission of a crime. This constituted a defamation of her character, and tended to injure her reputation and to expose her to public hatred, contempt, or ridicule. The court did not err in submitting to the jury the question whether the alleged published article was libelous as constituting a false and malicious defamation of the plaintiff, tending to injure her reputation and to expose her to public hatred, con-

136

tempt, or ridicule. *Beasley* v. *Reid,* 68 *Ga.* 380; *Holmes* v. *Clisby,* 121 *Ga.* 241 (48 S. E. 934, 104 Am. St. R. 103), and authorities cited in *Horton* v. *Georgian Co.,* 43 *Ga. App.* 19, 31 (157 S. E. 892).

The court did not err in refusing a request to give a charge to the effect that a written publication reflecting on the character of another, when published without lawful justification or excuse, is a libel, irrespective of the intention; that the words published need not necessarily impute disgraceful conduct to the plaintiff; but that it would be sufficient if they rendered the plaintiff contemptible or ridiculous, or engendered an evil opinion of her in the minds of right-thinking people, tending to deprive her of friendly intercourse and society with people of good character. The matter contained in this request in so far as it was applicable, was substantially covered by the court in the general charge.

The evidence authorized a verdict for the plaintiff; and on account of the errors pointed out, the court erred in overruling the motion for new trial.

*Judgment reversed. Felton, J., concurs. Sutton, J., dissents.*