35984. DAVIS *v.* MACON TELEGRAPH PUBLISHING CO.

DECIDED MARCH 5, 1956—REHEARING DENIED MARCH 16, 1956.

*Roy B. Rhodenhiser, Jr., Andrew W. McKenna, Buckner F. Melton,* for plaintiff in error.

*Lane & Sell, Mallory C. Atkinson,* contra.

NICHOLS, J. ■ The particularly pertinent portion of the newspaper article which is the basis for this action, is as follows: "The car was found a few hours later parked at the Rocking Palace in Unionville by two deputies and a patrol car, Adams said. (Captain William Adams, Bibb County law enforcement officer.) Three men ran from the car, but two in the back of the vehicle were caught. When a search was made, it was learned that they were sitting on fifty (50) gallons of moonshine whisky,

the sheriff's captain said. The two, listed as Wayman Davis, owner and operator of the tavern, and his brother, were arrested at the scene, reports showed. Adams said Davis' brother, who was unidentified, escaped and was still at large late last night." The article charges Wayman Davis with possessing illicit whisky and Davis' brother, who was unidentified, with possessing illicit whisky and also with escape, after having been apprehended. Each of these offenses are misdemeanors under the laws of Georgia. Code (Ann. Supp.) § 58-1056 and 26-4513 (Ga. L. 1953, Nov.-Dec. Sess., pp. 187, 188). It is libel per se to charge a person with the offense of misdemeanor. *Atlanta Journal Co.* v. *Doyal,* 82 *Ga. App.* 321 (60 S. E. 2d 802).

■ The plaintiff alleges that he has been injured and damaged and he sues for fifty ($50,000) thousand dollars general damages to his reputation and feelings, no special damages being alleged or prayed for. In libel per se cases general damages are recoverable without proof of special damages. *Weatherholt* v. *Howard,* 143 *Ga.* 41 (84 S. E. 119); *Atlanta Journal Co.* v. *Doyal,* supra.

■ The defendant demurs generally to the petition on the grounds that it does not set out a cause of action. Accepting as true, as the court must on demurrers, well pleaded factual averments of the plaintiff's petition, as amended, the sole question to be determined by this court is not whether the newspaper article, which is the basis for this law suit was false and·defamatory so as to fall within the purview of Code § 105-703, but whether the plaintiff's petition, as amended, alleged sufficient facts by way of colloquium whereby an average and reasonable reader, under the circumstances, may determine that the unnamed party referred to in the newspaper article was intended to be the plaintiff in this case. We think sufficient facts were so alleged to set out a cause of action and raised a factual issue to be submitted to a jury. As a general rule in Georgia the question of whether or not a particular publication is libelous, as well as whether the libelous matter was of or concerning the plaintiff, is a question of fact for determination by a jury. *Horton* v. *Georgian Co.,* 175 *Ga.* 261 (2) (165 S. E. 443); *Whitley* v. *Newman,* 9 *Ga. App.* 89 (1) (70 S. E. 686); *McIntosh* v. *Williams,* 160 *Ga.* 461 (128 S. E. 672).

The defendant's special demurrers 2, 4, 5, and 6 are directed

at and attack paragraphs 1, 4, 5 and 6 of the petition respectively on the ground that each paragraph constitutes a conclusion of the pleader without allegations to support it. With this we do not agree. The petition, as amended, alleges that the plaintiff is a brother of Wayman Davis, and the only brother of Wayman Davis that has ever resided in Macon, Bibb County, Georgia; and further that the plaintiff's other three brothers not only resided in Fort Myers, Florida, but on February 13 and 14, 1955, were actually in and about Fort Myers, Florida, and not in Macon, Bibb County, Georgia: that the plaintiff was not present at the time and place specified in the published article, was not arrested, did not escape, was not guilty of the crime charged in the newspaper article; that the libelous article was reasonably susceptible of being construed as referring to him, and was in fact so construed by his friends, associates and other persons who know him, and that he was injured and damaged thereby. "If the words used expressly, but impersonally and indefinitely, refer to two or more members [of a family] . . . one of the members, in order to maintain his action, must establish the application of the language to himself." *Constitution Publishing Co.* v. *Leathers,* 48 *Ga. App.* 429 (2) (172 S. E. 923).

Words or pictures which are in themselves innocent may be shown by colloquium and inducement to be libelous. *Briggs v. Byrd,* 33 N. C. 257; *Cooper v. Perry,* 2 *Ga. Dec.* (*Dudley*) 247 (8 Enc. Dig. 726). It may be shown by extraneous facts that the defamatory matter applied to the plaintiff. *Colvard v. Black,* 110 *Ga.* 642 (36 S. E. 80).

"The defamatory words must refer to some ascertained or ascertainable person, and that person must be the plaintiff . . . though the words used may at first sight appear only to apply to a class of individuals, and not to be specially defamatory of any particular member of that class, still an action may be maintained by any one individual of that class who can satisfy the jury that the words referred especially to himself. The words must be capable of bearing such special application, or the judge should stop the case." Odgers, Libel and Slander, p. 127. The Supreme Court in *Hardy v. Williamson,* 86 *Ga.* 551 (12 S. E. 874, 22 Am. St. R. 479), after approvingly quoting the above had this further comment: "While at first sight the words contended

to be libelous in this case may appear to apply only to the subordinate engineers as a class, and not to be specially defamatory of any particular one of them, still if this plaintiff can satisfy the jury that the words referred especially to him, under this rule he would be authorized to maintain the action." The *Hardy* v. *Williamson* and the *Colvard* v. *Black* cases, supra, are cases common with the case at bar in that no specific party was named in either of the libelous articles upon which the suits were predicated.

The language of an alleged libel must be construed, not by what the writer intended to mean, but by the construction which would be placed upon it by the average and reasonable reader. *Southeastern Newspapers* v. *Walker,* 76 *Ga. App.* 57, 60 (44 S. E. 2d 697). Whether or not an average and reasonable reader, under the circumstances, in reading the libelous article may have determined that the unnamed party referred to therein is the plaintiff in this case is a question for a jury to determine. *Horton* v. *Georgian Co.,* supra; *Warner Brothers Pictures* v. *Stanley,* 56 *Ga. App.* 85, 109 (192 S. E. 300); Youssoupoff *v.* Metro-Goldwyn-Mayer Pictures, Ltd., 50 Times L. R. 581 (99 A. L. R. 864).

Paragraph 3 of the petition alleges that "the defendant did falsely, wickedly and maliciously compose, publish, print and cause to be composed, published and printed . . . false, scandalous, malicious and defamatory libel of the petitioner." The aforesaid allegations were demurred to specially in paragraph 3 of the demurrers on the ground that "said allegations represents a conclusion of the plaintiff and is not supported by any allegations appearing in said paragraph or elsewhere in said petition." In paragraph 10 of the petition it was again charged that the libel complained of was "false, malicious and defamatory." In paragraph 11 of the petition said libel was referred to as "false and malicious." We construe these allegations to be general charges of express malice, said charge being made generally in each of paragraphs 3, 10 and 11 of the petition. The only special demurrer addressed to these general charges is addressed to the general charges in paragraph 3 of the petition. A general charge of express malice is good against a general demurrer. *Shiver* v. *Valdosta Press,* 82 *Ga. App.* 406 (61 S. E.

2d 221); *Central of Ga. Ry. Co.* v. *Sheftall,* 118 *Ga.* 865, 867 (2) (45 S. E. 687). However, where a special demurrer demands that the facts be set out sufficiently to show express malice, and there are no facts in the petition setting forth express malice, the special demurrer should be sustained. *Western Union Telegraph Co.* v. *Nix,* 73 *Ga. App.* 184 (2) (36 S. E. 2d 111). The effect of sustaining this special demurrer was to strike from paragraph 3 of the petition the allegations setting forth express malice. The special demurrer addressed to said paragraph was not addressed to similar allegations in paragraphs 10 and 11 of the petition. A demurrer intending to free the petition from an imperfection should itself be complete and should be directed at the alleged imperfection wherever it appears in the petition. It must lay its finger, as it were, upon the very points wherever they be. *Alford* v. *Davis,* 21 *Ga. App.* 820 (4a) (95 S. E. 313). We hold that it would have been error to fail to sustain the special demurrer contained in paragraph 3 of the demurrers filed by the defendant, but that said error, if committed, would not have been prejudicial or reversible error because of the fact that allegations similar to those complained of in paragraph 3 of the petition appear elsewhere in the petition. The result is, and would have been, that the petition remains before the court with general allegations of express malice.

The allegations of express malice as pleaded in this case are pertinent on the question of privilege. The effect of express malice is to avoid the privilege. *Atlanta Journal Co.* v. *Doyal,* supra. Thus if the court and jury in this case find that the article complained of was privileged under the provisions of Code § 105-704, on which we express no opinion at this time, this privilege would be denied to the defendant upon further proof by the petitioner of the express malice alleged by him in his petition.

The express malice charged in the petition, in cases such as this one, may also be used as a basis for exemplary damages and damages in the nature of expenses of litigation. *Franklin* v. *Evans,* 55 *Ga. App.* 177 (189 S. E. 722); *Atlanta Journal Co.* v. *Doyal,* supra. Neither type of additional damages is expressly prayed for in this case. Damages in the nature of expenses of litigation under Code § 20-1404 must be especially pleaded and prayer for.

Punitive damages may be awarded by the jury where the allegations of the petition and the evidence justify them, even though there be no special prayer therefor.

In cases such as this one, where general damages sued for include an injury to the peace, feelings and happiness of the plaintiff, as provided under Code § 105-2003, no exemplary damages may be awarded on account of the wounded feelings of the plaintiff under Code § 105-2002, but exemplary damages under Code § 105-2002, in order to deter the wrongdoer from repeating the trespass, may be recovered. *Franklin* v. *Evans*, supra; *Atlanta Journal Co.* v. *Doyal*, supra.

The defendant's special demurrers 7 and 8 attack paragraphs 6 and 9 respectively of the petition on the grounds that the same are irrelevant and immaterial. What has been said heretofore in ruling on the general demurrers is controlling as to these. Moreover, special demurrers which attack a petition only upon the grounds of irrelevancy and immateriality present no question for review in this court. *Gay* v. *Healan*, 88 *Ga. App.* 533, 537 (77 S. E. 2d 47).

4. In an action for libel, that a writing constituted a privileged communication is generally a matter for plea. *Holmes* v. *Clisby*, 118 *Ga.* 820 (2) (45 S. E. 684); *Flanders* v. *Daley*, 120 *Ga.* 885 (4) (48 S. E. 327). But if it appears upon the face of the petition that the communication was really privileged, there seems to be no good reason why this might not be taken advantage of by demurrer. *Atlanta News Publishing Company* v. *Medlock*, 123 *Ga.* 714, 721 (51 S. E. 756, 3 L. R. A. (NS) 1139); *Atlanta Journal Co.* v. *Doyal*, supra. The headlines of the article complained of in this case recite: "Big Still Seized by Bibb Officers." A captain, sergeant and three deputies in the Bibb County Sheriff's office, as well as as a U. S. agent are identified by name in the article complained of. Parts of the article were allegedly based upon statements of the captain. Other parts of the article were based upon statements of unidentified deputies and unidentified reports and listings. In one sentence the report of the arrest of Wayman Davis' brother is based upon said unidentified listing and unidentified reports. In the next sentence the report of the escape of Davis' brother is based upon a statement by the captain.

Under the provisions of Code § 105-704, "a truthful report of

information received from any arresting officer or police authorities" is a privileged communication. "A truthful report," as used in said Code section is a fair and honest report of information obtained from police records and police authorities. *Edmonds v. Atlanta Newspapers*, 92 *Ga. App.* 15 (87 S. E. 2d 415). But where the petition denies that the police officer ever gave the information attributed to him in the article complained of, and that the listings and reports referred to did not exist, there is no privilege as a matter of law, because it affirmatively appears that the article complained of was not based upon information furnished by an arresting officer or police authority. *Atlanta News Publishing Co. v. Medlock*, supra. Thus it is unnecessary at this time for us to decide whether or not the article contained so much additional matter not based upon such information so as to deprive the defendant of its privilege, if the privilege otherwise existed as to other parts thereof (*Horton v. Georgian Co.*, supra; *Atlanta Journal Co. v. Doyal*, supra), or whether the word "information," as used in Code § 105-704 means factual information as distinguished from conjecture, or suspicion and therefore improperly recited in a report thereof (See: Note 132 A. L. R. 495, at 498), or whether or not it must appear from the article that the information given by the police officer, or authority, was contained in a written or oral report of a police officer acting within the scope of his authority (*Shiver v. Valdosta Press*, supra), or whether or not considering the broad question the privilege was lost because it appears on its face that it was not a fair and honest report based upon information given by an arresting officer or police authorities and thus contained charges based upon the authority of the newspaper itself. *Wood v. Constitution Publishing Co.*, 57 *Ga. App.* 123 (194 S. E. 760), and other questions relating to the matter of privilege which might otherwise be considered as raised by the demurrer.

In a petition containing such denials as are alleged in paragraphs 8 and 9 of the petition in this case, this court must consider the article complained of as if it were unprivileged. Viewed in this light, it contains charges against the petitioner based entirely upon hearsay. The fact that the charges made were based upon hearsay in no manner relieves the defendant of liability. Charges based upon hearsay are the equivalent in law to

direct charges. "The bearer of a libel is as guilty as its author." 12 C. J. 1235; *Kirkland* v. *Constitution Publishing Co.*, 38 *Ga. App.* 632 (144 S. E. 821). "Talebearers are as bad as tale-makers." *Ivester* v. *Coe*, 33 *Ga. App.* 620 (6) (127 S. E. 790); *Cox* v. *Strickland*, 101 *Ga.* 482 (3), 493 (28 S. E. 655); *Brown* v. *McCann*, 36 *Ga. App.* 812, 813 (138 S. E..247); *Atlanta News Publishing Co.* v. *Medlock*, supra; *Anderson* v. *Savannah Press Publishing Co.*, 100 *Ga.* 454 (28 S. E. 216); *Wood* v. *Constitution Publishing Co.*, supra; *Richardson* v. *Roberts*, 23 *Ga.* 215 (3, 4), 220; *Alumbaugh* v. *State*, 39 *Ga. App.* 559, 565 (147 S. E. 714; *Bennett* v. *Crumpton*, 1 *Ga. App.* 476, 478 (58 S. E. 104); *Crowe* v. *Constitution Publishing Co.*, 63 *Ga. App.* 497, 507 (11 S. E. 2d 513); *Lamb* v. *Fedderwitz*, 71 *Ga. App.* 249 (30 S. E. 2d 436); *Pearce* v. *Brower*, 72 *Ga.* 243, 244; Newell on Slander and Libel (4th ed.) p. 337; Townsend on Libel and Slander, p. 448; Odgers on Libel and Slander, p. 173.

In like manner it is immaterial that the fact of identification of the plaintiff in the article complained of is based upon hear-say. *Ivester* v. *Coe*, supra; *Lester* v. *Thurmond*, 51 *Ga.* 118; *Hendrix* v. *Daughtry*, 3 *Ga. App.* 481 (60 S. E. 206); *Lamb* v. *Fedderwitz*, supra; *Pearce v. Brower*, supra.

The media of radio and television as a means of communication in modern times have contributed immeasurably toward keeping the public informed locally, nationally and internationally. By and large a great part of the American public depends upon the press to keep it abreast of the news. Therefore it continues to be of paramount importance that the press remain free—undeterred and unfettered in the performance of this tremendous task. It is equally important however that a free press be a responsible press, as declared and contemplated in Article 1, Section 1, Paragraph 15, of the Constitution of Georgia. A "free press" and a "responsible press" are, and should be synonymous terms. Liberty of the press is not synonymous with license, nor does it give the press any right or license to publish libelous matter without responsibility to those who are innocent victims of such libelous publication. Freedom of the press gives the right to print the truth and to comment fairly about the truth; freedom of the press does not give a license to print untruths or half-truths, which are equivalent to untruths and which,

in their effect on a person's character and reputation are often more damaging and devastating than would be an outright falsehood. · *Lowe* v. *News Publishing Co.*, 9 *Ga. App.* 103 (70 S. E. 607); *Augusta Evening News* v. *Radford*, 91 *Ga.* 494 (17 S. E. 612, 20 L. R. A. 533, 44 Am. St. R. 53); *Cox* v. *Strickland*, supra; *In re Fite*, 11 *Ga. App.* 665 (6), 693 (76 S. E. 397); *Kirkland* v. *Constitution Publishing Co.*, supra; *Barwick* v. *Wind*, 203 *Ga.* 827, 831 (48 S. E. 2d 523). The trial court erred in sustaining the general and each of the special demurrers except the third special demurrer which the court correctly sustained.

*Judgment affirmed in part and reversed in part. Felton, C. J., and Quillian, J., concur.*