37532. INGRAM *v.* ATLANTA NEWSPAPERS, INC., *et al.*

DECIDED FEBRUARY 24, 1959—REHEARING DENIED
MARCH 10, 1959.

*Charles R. Smith,* for plaintiff in error.

*B. P. Gambrell, John E. Dougherty,* contra.

NICHOLS, Judge.   While the particular language, which is the basis for this law suit is contained in paragraph six (6) of the article, the story in its entirety from the headline through the last paragraph chronicles an account of several persons having been tried, or awaiting trial in the Federal court on lottery conspiracy charges to defeat internal revenue laws on gambling. The alleged libelous newspaper article in its entirety is as follows:

"4 MORE WAIT TRIAL IN LOTTERY.

"By GENE BRITTON.

"Government attorneys pointed out Friday a second phase of

the Horace Ingram lottery conspiracy case still remains to be fought out in federal court.

"Ingram and nine others were convicted here Thursday. Eleven others named in the federal indictment were acquitted. During the trial, the court directed verdicts of acquittal for five others, and the government dropped its prosecution against one additional defendant.

## "INGRAM LINK CHARGED.

"Four defendants named in the indictment still are to be brought to trial. They are charged with conspiring with Ingram and the others to defeat internal revenue laws on gambling.

"Former Sheriff Hill Tallent of Forsyth County is accused of destroying certain items of evidence in connection with a 1956 raid on a lottery headquarters in his county.

"Charles Harold Echols of Forsyth County is charged with using his home as the headquarters. Officers from the Sheriff's office and a state patrol captain said they raided Echols' home near Cumming in September, 1956. Four of the other defendants were arrested and booked under phony names, the government charges.

## "UNDER TREATMENT.

"John Elmer Ingram, a first cousin of Harold Ingram, is charged with having participated in the racket with his cousin and several of the other defendants. The government consented to a separate trial for him when it was reported he was suffering from an active case of tuberculosis. Ingram, already under conviction on whiskey and lottery charges is undergoing treatment at a federal prison hospital in Springfield, Mo.

"Sanchez (Muleface) McDowall, the fourth defendant yet to be tried, has not been apprehended since federal grand jury returned its indictment against him and the others several months ago.

"Defense attorneys won a separate trial for Tallent. The ex-sheriff protested that to try him with the other persons named as lottery operators would be 'embarrassing' and 'highly [pre] judicial.'

## "SEPARATE TRIAL.

"Echols was ordered tried separately after attorneys for certain

of the other defendants said Echols allegedly had given a statement to federal agents which would be prejudicial to the other defendants.

"Assistant U. S. District Attorney E. Ralph Ivey who prosecuted the case said he hopes to bring the four remaining defendants to trial in the January term of U. S. District Court.

"Ivey said he expects to try all four at the same time."

In the sixth (6) paragraph of said article, as set out above, it is said: "John Elmer Ingram, a first *cousin* of *Harold Ingram* is charged with having participated in the *racket* with his *cousin* and several other defendants."

It is libel per se to falsely charge a person in a newspaper article, (unless otherwise privileged) with having participated in a "racket", the word "racket" having been used in the same article as a synonym of "crime", namely, "conspiring to defeat internal revenue laws on gambling," which is a crime. *Davis* v. *Macon Telegraph Pub. Co.*, 93 *Ga. App.* 633 (92 S. E. 2d 619), and citations; *Witham* v. *Atlanta Journal*, 124 *Ga.* 688 (2) (53 S. E. 105, 4 L. R. A. (NS) 977).

Unlike in the *Ledger-Enquirer Co.* v. *Brown* case, recently decided by the Supreme Court, 214 *Ga.* 422 (105 S. E. 2d 229), and relied upon by defendants in error in the case at bar, the headline of the publication in the case sub judice and the body of the article below the headline relate to the same general subject matter. Although it is true that the headline "4 more wait trial in lottery" refers to only four in number awaiting trial, the body of the article below the headline is a lengthy elaboration about some of the defendants having been tried and convicted, some having been acquitted, and some yet to be tried. The average, reasonable reader, after having read the article in its entirety, might well have concluded that Harold Ingram was not one of the "Four awaiting trial in lottery" but was one of the nine others already convicted as referred to in the second paragraph of the article.

"The language of an alleged libel must be construed, not by what the writer intended to mean, but by the construction which would be placed upon it by the average and reasonable reader." *Davis* v. *Macon Telegraph Pub. Co.*, 93 *Ga. App.* 633, 636,

supra; *Southeastern Newspapers* v. *Walker*, 76 *Ga. App.* 57, 60 (44 S. E. 2d 697).

While it is also true that the name "Harold Ingram" only appears in the article one time, the name "Horace Ingram" likewise is only mentioned one time in the article. The word "cousin" in used twice in the article and in the same paragraph, and both times refers to John Elmer Ingram and Harold Ingram as bearing that relationship to each other.

Certainly a reasonable and average reader could and probably would conclude and understand the language used in said article to mean that John Elmer Ingram was charged with having participated in the racket with Harold Ingram, as no one other than Harold Ingram is designated in said article as being the cousin of John Elmer Ingram, and as previously pointed out in this opinion, the entire article deals with, among other things, persons having been tried, awaiting trial, and with having participated in a lottery operation and conspiracy to avoid the Federal tax thereon.

The petition, as amended, presented a question for a jury's determination, and the judgment of the trial court sustaining the general demurrers of the defendants in error must be reversed.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*