## 2687.  LOWE *v.* NEWS PUBLISHING Co.

RUSSELL, J.  1. The plaintiff proved his case as laid, and it was therefore error to award a nonsuit.

2. According to the evidence introduced in behalf of the plaintiff, the original publication was libelous, and, instead of being explained, modified, or corrected, it was followed by another issue of the paper, which contained an aggravation of the libel.

3. It was unnecessary to prove that the newspapers which the plaintiff put in evidence were those referred to in the petition, or to have introduced them at all.  The defendant in its answer admitted the publication of the article which the plaintiff alleged to be libelous.

4. The fact that the plaintiff admitted that he knew of no reason why the defendant should have published the articles in question concerning him, and admitted that he knew of no reason why the defendant, or its officers, should entertain ill will against him, did not disprove the existence of malice.  According to the testimony for the plaintiff, the charges as made were injurious to his reputation, entirely false, and calculated to subject him to public hatred, ridicule, and contempt.  These

circumstances sufficiently established the existence of malice to complete a prima facie case in behalf of the plaintiff.

5. Legitimate criticism of the acts and conduct of public officials is a rightful function of the press, and the exercise of this right should be unrestrained, provided the statements made are true. A public officer, however, has as much right to protection against libel as a private citizen. The right to criticise public officials is unrestricted only where the statements made are supported by the facts. "Liberty of the press" is not synonymous with license, nor does it give the publisher of a newspaper any greater license to publish. libelous matter than the ordinary citizen would have.    *Judgment reversed.*

DECIDED FEBRUARY 28, 1911.

Action for libel; from city court of Brunswick—Judge Krauss. May 10, 1910.

The first publication complained of was a newspaper article charging the plaintiff, a policeman of the city of Brunswick, with having shot and killed a child's pet dog in the street while the child was begging him not to kill it and was trying to catch the dog and carry it back into the yard from which it had just escaped. The article referred to the killing as a "horrible affair." and stated, in substance, that although the dog was not muzzled, and an ordinance of the city made it the duty of the police officers to kill dogs which were not muzzled, when found in the streets, "a little good judgment could have been used," etc. The second publication was an article in the same newspaper, replying to the plaintiff's published denial of these statements, and reiterating them and giving the name of the informant and of a person who, it was stated, had seen the occurrence in question. The plaintiff and the witnesses introduced by him testified that he did not shoot a dog at the time and place referred to in these newspaper articles, and that although an officer who was with him shot a dog, no child claimed the dog or begged the officer not to kill it.

*Francis H. Harris,* for plaintiff.

*Ernest Dart, Courtland Symmes, Crovatt & Whitfield,* for defendant.