### 10795. HARRISON v. POOL.

1. Words imputing the crime of larceny are slanderous per se. *Adams* v. *Greeson,* 16 *Ga. App.* 649 (3) (85 S. E. 936). To publish that one is a "thief" imputes the crime of larceny and is libelous per se. *Tillman* v. *Willis,* 61 *Ga.* 433.

2. Where the language of a publication is libelous per se, the plaintiff may recover general damages without proof of special damages. *Weatherholt* v. *Howard,* 143 *Ga.* 41, 42 (4) (84 S. E. 119).

3. In an action for damages based upon the publication of language which is libelous per se, the accusation in which (construing the defendant's answer most strongly against him) is admittedly untrue, the mere fact of previous difficulties between the parties, or other alleged mitigating circumstances, affords no *complete* defense to the action, and a plea setting up such facts as a defense should be stricken on timely motion.

4. The error of the court in overruling the plaintiff's motion to strike the defendant's answer rendered the further proceedings nugatory.

Decided December 12, 1919. Rehearing denied January 7, 1920.

Action of libel; from Gwinnett superior court—Judge Cobb, June 2, 1919.

*Lewis C. Russell, Joseph D. Quillian,* for plaintiff.

*O. A. Nix,* for defendant.

Luke, J. This was an action for damages based upon an alleged libel of the plaintiff by the defendant, and general and special damages were alleged. The libel consisted of a sign posted upon the land of the defendant and which could be seen by the public (as admitted in the answer), on which were these words: "Notice. Oscar Harrison and family stay off my land. You liar and thief let this alone. W. G. Pool." The plaintiff's demurrer, in the form of a written motion to strike, attacked the legal sufficiency of the defendant's answer, on various general and special grounds; and this motion was overruled. The same objections were raised by exceptions to the rulings on the admission of evidence, by exceptions to the refusal of the court to charge certain principles of law, and in the general grounds of the motion for a new trial.

The main question is whether, having admitted the publication of the libel as charged, and virtually admitting its untruth, the defendant could plead as a *complete* defense thereto that the matter therein contained was merely "in abuse and not to charge a crime." To sustain the theory that a recovery could be so defeated, the defendant relies on *Roberts* v. *Ramsey,* 86 *Ga.* 432 (12 S. E. 644). That case, however, grew out of an *oral* slander, and in no case of *libel* has its doctrine ever been followed. Libel and slander are not the same, either in all their elementary ingredients or in the penalties attached. In modern usage "slander" has been limited to defamation by words spoken (25 Cyc. 248), while "libel," which is defined and penalized by both civil and criminal statutes (Civil Code, § 4428, Penal Code, § 340), is a creature of the written or more permanent mode of expression, and is therefore the more serious offense. So far as we have been able to discover, it has never been held in this State, or in any other jurisdiction, where *written* words which are in themselves libelous per se are admitted to have been published by the defendant, and are *untrue,* that a complete defense may be interposed by allegation or proof that they were intended merely as abuse and were not intended to

charge a crime. The unbroken line of authority goes no further than to hold that such a defense (and then in cases of slander—oral defamation) goes merely in mitigation of damages. *Henderson* v. *Fox*, 83 *Ga.* 233, 234 (4), 244 (9 S. E. 839). Certainly it would not defeat a libelled party's action for general damages. See *Cox* v. *Strickland*, 101 *Ga.* 482 (6) (28 S. E. 655).

The court erred in overruling the motion to strike the defendant's answer, and all subsequent proceedings were nugatory.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

ON MOTION FOR REHEARING.

LUKE, J. The answer, construed as a whole and most strongly against the pleader, shows no plea of mitigation of damages, but on the contrary it is intended as a *complete* defense to the plaintiff's suit. What is here said is not intended to deprive the defendant of the right to file a plea of mitigation of damages, if he so desires.

*Rehearing denied. Broyles, C. J., and Bloodworth, J., concur.*