——— SCHWEIKERT, Plaintiff, *v.* NEW YORK EVENING JOURNAL, Defendant.

Supreme Court, New York County, May —, 1928.

**Libel and slander — libel per se — news article ascribing to plaintiff her willingness to resort to hypocritical strategy to induce a bashful admirer to propose marriage is not libelous per se — allegation in plaintiff's complaint as to general damages must be stricken out.**

A news article which ascribes to plaintiff the willingness to resort to what is termed hypocritical strategy to induce a bashful boy friend to propose marriage and depicts plaintiff as being prevented by pride from proposing marriage, while willing to accomplish her end by the use of deceptive means, is not libelous *per se*, and since a publication may be rendered actionable only because it has caused special damage, as in this case, the allegations in plaintiff's complaint as to general damages should be stricken out.

MOTION by defendant to strike allegations as to general damages from amended complaint in action for libel.

*Arthur G. Gallagher [Oscar L. Dann of counsel], for the plaintiff.*

*William A. De Ford [Carl Helm of counsel], for the defendant.*

SHERMAN, J.   This article, if defamatory at all, is so purely becauses it ascribes to plaintiff the willingness to resort to what is termed hypocritical strategy to induce a backward lover to propose marriage.   It is claimed that this charges her with a defect of character in that the use of these tactics would be, virtually, a resort to unfair means not countenanced by individuals of high principle.   She is depicted as being prevented by pride from proposing marriage to her admirer, while willing to accomplish her

end by the use of deceptive means. The publication, so construed, is defamatory. (*Moore* v. *Francis*, 121 N. Y. 199, 203.) The article is not libelous *per se.* It becomes actionable only when it is shown that special damage to plaintiff has resulted from its publication. In her complaint plaintiff pleaded the publication as if it were libelous *per se*, but after motion made to dismiss it for failure to state a cause of action an amended complaint was served wherein special damage was pleaded. This motion attacks the amended complaint and seeks to strike therefrom allegations as to general damage, leaving plaintiff to recover, if at all, only the special damage pleaded. The rule has been long established that in an action upon a publication not libelous *per se* special damages must be pleaded or the action will fail. As stated in Odgers on Libel and Slander (5th ed. p. 386): " Special damage must be strictly proved at the trial. Where the words are not actionable *per se*, the plaintiff will be confined to the special damage laid; he must prove that, or fail; as there are no general damages to which he can have recourse. * * * This rule, however, is frequently neglected in practice; and as soon as any special damage is proved, the words are treated as though they were actionable *per se*." (See, also, Newell Sland. & Lib. [4th ed.] 841.) There is a lack of precise authority upon the question whether or not, when the words have once become actionable through proof of special damage, they may not then support an award of general damages, although many expressions *obiter dicta* are found in the cases. The rule above enunciated seems well grounded in reason. If a publication be rendered actionable only because it has directly caused special damage to a plaintiff there would seem to be no good reason why recovery for general damages should be then allowed. To hold general damages recoverable under such circumstances would in effect give to such a publication the quality of a libel *per se.* In *Smid* v. *Bernard* (31 Misc. 35) Judge GAYNOR observed (p. 41): " Words not libelous or slanderous *per se* are to the court and to people in general apparently harmless, and one who claims that he is nevertheless hurt by them must plead and show how and in what particulars. And as words apparently harmless can do one no general damage, he must therefore allege and show special damage which they did him in order to make them actionable." Motion granted.