24152. ESTES v. STERCHI BROTHERS STORES INC. et al.

STEPHENS, J. 1. Words which are plain and unambiguous and do not impute a crime can not by innuendo have their meaning enlarged and extended so as to impute a crime. *Morris* v. *Evans*, 22 *Ga. App.* 11 (95 S. E. 385). A writing which recites that a person owes a sum of money and "persists in retaining the money that is due" the writer, "in spite of" the writer's many appeals for "payment," and which is transmitted to the employer of the alleged debtor, and which states that other employers have requested the writer to notify them before filing garnishments against their employees, as they are often able to persuade their employees to settle with the writer, in plain and unambiguous language charges the person about whom the words were uttered only with owing a debt, and does not, by the expression "retaining the money that is due" the writer, impute the crime of larceny or embezzlement of funds belonging to the writer of the letter, and therefore does not impute a crime, and can not by innuendo have its meaning enlarged and extended as imputing a crime.

2. A mere written statement that a person who is not engaged in a vocation which requires credit fails and refuses to pay a debt, and which does not affect him in his business or profession, and which does not impute insolvency to him, but which is made to his employer solely for the purpose of urging the employer to induce the alleged debtor to make payment of the debt, is not libelous per se, and does not render the author of the statement liable without proof of special damage. Porak v. Sweitzer's Inc., 87 Mont. 331 (287 Pac. 633); Bush v. McMann (Colo. App.), 55 Pac. 956; Stannard v. Wilcox & Gibbs Sewing Machine Co., 118 Md. 151 (84 Atl. 335, Ann. Cas. 1914B, 709); 36 C. J. 1170, § 44; 17 R. C. L. 299.

3. A petition which alleges that the defendant wrote to the employer of the plaintiff that the latter owed the defendant a sum of money and persisted in retaining the money that was due the defendant in spite of the defendant's many appeals for payment does not charge the plaintiff with the commission of a crime, but merely charges the plaintiff with owing a debt which he refused to pay, and where it appears that the plaintiff was a mere employee of the person to whom the words were directed, and no special damage was alleged or prayed for, although the words may be false, the petition fails to set out a cause of action, and a general demurrer thereto was properly sustained.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 20, 1935.

*Morris Macks,* for plaintiff.
*Clifford Hendrix, Hendrix & Buchanan,* for defendant.