27632. AJOUELO *v.* AUTO-SOLER COMPANY *et al.*

DECIDED DECEMBER 5, 1939.

*V. E. Adams,* for plaintiff.

*Kennedy, Campbell & Therrell, E. P. Rogers, Hirsch & Smith,* for defendant.

MacIntyre, J. "Every man has a right to the enjoyment of a good reputation unassailed, as he has a right to life, liberty, or property. It was long ago said that 'A good name is rather to be chosen than great riches.' Prov. xxii: 1. A suit for defamation is based on the injury done to reputation. Libel and slander are both methods of defamation. The former is expressed by print, writing, pictures, or signs; the latter is expressed orally." *Spence v. Johnson,* 142 *Ga.* 267, 269 (82 S. E. 646, Ann. Cas. 1916A, 1195). Our Code, § 105-701, defines libel as follows: "A libel is a false and malicious defamation of another, expressed in print, or writing, or pictures, or signs, tending to injure the reputation of an individual, and exposing him to public hatred, contempt, or ridicule. The publication of the libelous matter is essential to recovery." Black's Law Dictionary (3d ed.), 1103, defines libel as "A false and unprivileged publication by writing, printing, pictures, effigy, or other fixed representation to the eye which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." 36 C. J. 1143, § 3, declares: "A libel is a malicious publication, expressed either in printing or writing, or by signs and pictures, tending either to blacken the memory of one dead or the reputation of one who is alive, and expose him to public hatred, contempt, or ridicule. In its most general and comprehensive sense it may be said that any publication that is injurious to the reputation of another is a 'libel.'"

It is generally held that the foundation of an action for defamation is the injury done to the reputation, that is, injury to character in the opinion of others arising from the publication, and on account of the greater deliberation and permanency of a libel the courts came to hold certain things to be libelous per se which would not have been sufficient as the basis of an action of slander without showing special damage. Of course if words are slanderous they would not become less defamatory by publishing them in writing, though words which might not be actionable per se as slander may be libelous per se when put in writing or print. It is a rule of law of universal application that whenever one person commits a wrong upon the person, property, or reputation of an-

other, which is accompanied with damage, the latter may maintain an action. The privilege of free speech does not confer upon one individual the right to use that privilege to the injury of another, and if one prints or publishes words concerning another, or his business, which are themselves false, the law will presume that it was done maliciously, and award damages accordingly. Malice in the law of defamation may be used in two senses. First, in a special and technical sense to denote absence of lawful excuse or to indicate absence of privileged occasion. Such malice is known as "implied" malice or "malice in law." There is no imputation of ill will with intent to injure. Second, "malice" involving intent of mind and heart, or ill will against a person, and is classified as "express" malice or "malice in fact." 36 C. J. 1146, § 6. "Where, in an action for words written and alleged to be 'false and unfounded,' there is no allegation of malice [as in the instant case] in the printing or publication, the plaintiff is entitled ·to recover only his actual damages, and must by his declaration allege the various elements of actual damage with such certainty as fully and distinctly to advise the defendant of the sources and extent of the injury." *Bradstreet Company* v. *Oswald,* 96 *Ga.* 396 (23 S. E. 423). Where it is necessary to allege special damages in order to set out a cause of action the particular loss or injury must be distinctly stated, and the ad damnum clause, that the plaintiff has been damaged in the amount of $25,000, is not the equivalent of such an averment. *Walters* v. *Retail Clerks Union,* 120 *Ga.* 424, 426 (47 S. E. 911). In the case of Green *v.* Archer (1891), 7 Times L. R. 542, cited in Odgers, Libel and Slander (5th ed.), 105, it was said: "The plaintiff and the defendant were architects, who formerly carried on business in partnership, and as such they joined in, designed, and supervised the construction of many important buildings in London. Immediately after the dissolution of their partnership the defendant circulated photographs of these buildings, with the words below: 'Designed by Thomas Archer, F. R. I. B. A.' omitting all reference to the plaintiff. *Held,* that no action lay, for the omission of the plaintiff's name was no libel on him; there was no slander of title and no special damage." It appears from the petition in the instant case, construing it most strongly against the pleader and to the upholding and sustaining of the general demurrer, that the petitioner alleged in paragraph

6, quoted above, that the petitioner invented a machine now known as the "Auto-Soler." In the next paragraph (7) he alleged that this machine (Auto-Soler) was patented in the United States Patent Office under the patent *No. 2036988.* In effect the petitioner alleged that the "Auto-Soler" was patented under the patent *No. 2036988.* Elsewhere in his petition a certain contract between the plaintiff and the defendant company was alleged to have been entered into, and the contract was attached to and made a part of the petition. The pertinent part of the contract was as follows: "Davis J. Ajouelo and James Linton Moore, deceased, . . were joint inventors of certain new and useful improvements in machinery for making and affixing metal fasteners, and the exclusive joint owners of letters of patent of the United States of America, as follows: Patent *No. 2036988,* granted April 7, 1936." (Italics ours.) It therefore follows from the petition itself that the plaintiff Davis J. Ajouelo and James Linton Moore were joint inventors of the said "Auto-Soler."

Under the foregoing, the present suit being on the theory of injury to reputation, we do not think that the statements "J. Linton Moore, father of the Auto-Soler" and "he considered the Auto-Soler his crowning achievement," tended to injure the reputation of the plaintiff and expose him to public hatred, contempt, or ridicule. The court did not err in sustaining the general demurrer and in dismissing the plaintiff's petition for damages for alleged libel.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*