## 29805.  MELL *v.* EDGE.

SUTTON, J.  1. Words to be actionable per se, as tending to injure one in his trade, profession, or business, must contain a charge in reference to such.  Code, § 105-702; *Van Epps* v. *Jones*, 50 *Ga.* 238; *Witham* v. *Atlanta Journal*, 124 *Ga.* 688, 691 (53 S. E. 105, 4 L. R. A. (N. S.) 977).

2. "As respects a charge of failure to pay debts, without any imputation of insolvency, it seems to be settled that a writing containing the mere statement that a person who is not a trader or merchant, or engaged in any vocation wherein credit is necessary for the proper and effectual conduct of his business, owes a debt and refuses to pay, or owes a debt which is long past due, is not libelous per se and does not render the author or publisher of such statement liable without proof of special damages."  33 Am. Jur. 78, § 60.  See also *Estes* v. *Sterchi Brothers Stores Inc.*, 50 *Ga. App.* 619 (179 S. E. 222).

3. "The special damages necessary to support an action for defamation, where the words are not actionable in themselves must be the loss of money, or of some other material temporal advantage capable of be-

ing assessed in monetary value. [Citing.] The loss of a marriage, of employment, of income, of profits, and even of gratuitous entertainment and hospitality will be special damage if the plaintiff can show that it was caused by the defendant's words; but not mere annoyance or loss of peace of mind, nor even physical illness occasioned by the defamatory charge." Odgers on Libel & Slander, 5th. ed., 378.

4. "In an action for libel, where the alleged defamatory words are as a matter of law not actionable per se, and where the petition does not set out any proper or legitimate item of special damage, and where it fails to allege by way of innuendo that the words complained of 'convey a covert meaning, wholly different from the ordinary and natural interpretation usually put upon them,' and that the author of the libel intended them to be understood in their covert sense, and that they were in fact so understood by those who read them, the petition does not set out a cause of action and should be dismissed on general demurrer." *Anderson* v. *Kennedy*, 47 *Ga. App.* 380 (170 S. E. 555).

5. Applying the above-stated principles of law to the facts of the present case where in the petition as amended the plaintiff sought to recover damages for alleged libel by reason of the fact that the defendant, maliciously, falsely, and solely out of a revengeful desire, for reasons stated, wrote a named congressman, chairman of the civil service commission of the Federal government, and the plaintiff's employer, both of whom had the power to cause the discharge of the plaintiff from his employment as clerk in the railway mail service, that the plaintiff owed him a debt and refused to pay the same, but where the petition as amended contained no innuendo that the words complained of conveyed a covert meaning wholly different from the ordinary and natural interpretation usually put upon them and that the author of the alleged libel intended them to be understood in their covert sense, and it was not shown that the plaintiff was dismissed from his employment or suffered any special damage by reason of the language used, it being alleged only that after receipt of a letter from the named congressman in the nature of a lecture or admonition the plaintiff, in apprehension of losing his employment, became worried, ill, and temporarily crazy and lost twenty-six days from service, though it is not alleged that any deduction was made from his salary because of his absence, and that his health became permanently impaired, the petition as amended, not making any charge in reference to the "trade, profession, or business" of the plaintiff, and not alleging any special damage, did not set forth a cause of action, and the court erred in overruling the defendant's general demurrer.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

DECIDED NOVEMBER 12, 1942.

Homer A. Glore, Louis M. Tatham, for plaintiff in error.
Joe M. Lang, Victor K. Meador, contra.