## 31131. AIKEN *v.* MAY.

DECIDED FEBRUARY 26, 1946.

*G. Seals Aiken,* in propria persona.

*Weekes & Candler, Herbert J. Haas, Joseph F. Haas,* for defendant.

PARKER, J. G. Seals Aiken sued Armand May for an alleged libel claiming damages of $50,000. The action was based on an article in the form of a letter written by the defendant and delivered to the Atlanta Constitution, a daily newspaper, and published by it. The article complained of appears in full in the reported case of *Aiken* v. *Constitution Publishing Co., 72 Ga. App.*

250. (33 S. E. 2d, 555), and will not be set out herein. General demurrers to the petition were sustained, and the action was dismissed. The sole exception here is to that ruling.

The plaintiff excepts to the dismissal of his petition as being contrary to the Federal and State constitutions in depriving him of his property without due process of law and denying him the equal protection of the law, and in depriving him of trial by jury and the right to prosecute his own cause in the courts of this State, and denying to him the protection of person and property guaranteed by the Georgia constitution. He also excepts to the order dismissing his case as being contrary to statutes, to applicable, controlling, and well-established principles of law, and to decisions and rulings of this court and the Supreme Court of this State. These several contentions and grounds, when boiled down to their final analysis, assert simply that the trial court could not, under the law, and as a matter of law, hold that the article complained of was not libelous; and that whether or not it was libelous was solely and wholly a question for the jury.

A libel is a tort, and is defined as "a false and malicious defamation of another, expressed in print, or writing, or pictures, or signs, tending to injure the reputation of an individual, and exposing him to public hatred, contempt, or ridicule." Code, § 105-701. The general rules of pleading and practice apply to actions for libel. A defendant in such a suit may demur as in other cases, and if the petition fails to set out a cause of action for any reason, it is the duty of the trial court to dismiss it on general demurrer. These propositions would seem to be axiomatic. We state them here because the general tenor and effect of the plaintiff's argument is that a trial judge can never adjudge and determine as a matter of law that the writing complained of in a libel suit is not libelous, and dismiss the suit on demurrer. We cannot agree to that conclusion. The contrary has been held many times. *Anderson* v. *Kennedy,* 47 *Ga. App.* 380 (170 S. E. 555); *Watkins* v. *Augusta Chronicle Pub. Co.,* 49 *Ga. App.* 43 (174 S. E. 199); *Constitution Publishing Co.* v. *Andrews,* 50 *Ga. App.* 116 (177 S. E. 258); *Mell* v. *Edge,* 68 *Ga. App.* 314 (22 S. E. 2d, 738); *Watters* v. *Retail Clerks' Union,* 120 *Ga.* 424 (47 S. E. 911). Similar rulings have been made in actions for slander, which may be defined concisely as an oral defamation.

Code, § 105-702; *Whitley* v. *Newman,* 9 *Ga. App.* 89 (70 S. E. 686); *Hardeman* v. *Sinclair Refining Co.,* 41 *Ga. App.* 315 (152 S. E. 854).

The plaintiff relies heavily on the case of *Horton* v. *Georgian Company,* 175 *Ga.* 261 (165 S. E. 443), in which the Supreme Court reversed the decision of this court as reported in 43 *Ga. App.* 19 (157 S. E. 892). There is a lengthy dissent by Judge Stephens, to the opinion of this court, which dissent was in effect upheld by the Supreme Court. The plaintiff quotes at considerable length from the decision of the Supreme Court and from the dissent in this court. The facts of the *Horton* case differed so substantially and materially from those in the instant case, that the ruling therein, that the general demurrer was improperly sustained and that the action should not have been dismissed, does not control the case at bar. However, the dissenting opinion of Judge Stephens cites *Holmes* v. *Clisby,* 118 *Ga.* 820 (45 S. E. 684), which holds that a publication must be construed in the light of all the attending circumstances, the cause and occasion of the publication, and all other extraneous matters which will tend to explain the allusion or point out the person in question; and that a plaintiff cannot, by innuendo, draw from the writing a conclusion not justified by the language used. These principles were recognized and well-stated in the earlier cases of *Colvard* v. *Black,* 110 *Ga.* 642 (36 S. E. 80), and *Park* v. *Life Insurance Co.,* 51 *Ga.* 510, 513. The case of Washington Post Co. *v.* Chaloner, 250 U. S. 290 (39 Sup. Ct. 448; 63 L. ed. 987), is also cited. That decision holds that a publication claimed to be defamatory must be read and construed in the sense in which the readers to whom it is addressed would ordinarily understand it, and when thus read, if its meaning is so unambiguous as to reasonably bear but one interpretation, it is for the judge to say whether that signification is defamatory or not. The case of Baker *v.* Warner, 231 U. S. 588 (34 Sup. Ct. 175, 58 L. ed. 384), is also cited by Judge Stephens. There Justice Lamar said, in part: "Where words are libelous per se the judge can so instruct the jury, leaving to them only the determination of the amount of the damages. Where the words are not libelous per se, and, in the light of the extrinsic facts averred, could not possibly be construed to have a defamatory meaning, the judge can dismiss the declaration

on demurrer, or, during the trial, may withdraw the case from the jury." Odgers on Libel and Slander (5th ed.), 116, states that, "if the words are incapable of the meaning ascribed to them by the innuendo, and are prima facie not actionable, the judge at the trial will stop the case."

When the case of *Aiken* v. *Constitution Publishing Co.* (supra), which was an action based on the identical writing involved in the instant case, was before this court, we held that "said article was not libelous for any reason urged by the plaintiff, and that the court did not err in dismissing the petition on general demurrer." We think that this ruling was sound then, and that a similar ruling now with respect to the same article, under the cases cited in that decision, fortified by the additional authorities cited herein, is proper and correct in this case. Therefore, we hold again that the article complained of was not libelous when considered, as it must be, in the light of all the attending extrinsic facts and circumstances appearing in the record. In the absence of some rule of law making a distinction between the action in this case, which is against the individual who wrote and signed the article, and the action in the other case which was against the newspaper publishing the article, we think that the decision in *Aiken* v. *Constitution Publishing Co.,* supra, is controlling in the instant case. The request of the plaintiff that we review and overrule that decision is denied. It follows that the trial judge did not err in sustaining the demurrer and dismissing the action, as complained of in this case.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*