BARWICK *v.* WIND.

No. 16236.　June 18, 1948.

*Louis H. Foster, James R. Venable,* and *Jackson L. Barwick,* for plaintiff.

*Cain & Smith,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) ■ The motion to dismiss the writ of error on the ground that service of the bill of exceptions was not made on the defendant in error after it was signed and certified by the judge, being without merit, is denied. It affirmatively appears from the record that the attorney for the defendant in error acknowledged "due and legal service" of the bill of exceptions on the same day that the judge signed the certificate, and in such circumstances it will be presumed that the signatures were made in their chronological sequence. *Cowart* v. *Page,* 59 *Ga.* 235; *Porter* v. *Holmes,* 122 *Ga.*

780, 784 (50 S. E. 923). The rule was not changed by the acts of 1946 (Code, Ann. Supp., §§ 6-908.1, 6-909), which requires the judge, before certifying the bill of exceptions, to notify the opposite party or his attorney, since it is provided in § 6-909 that "The action or non-action of the trial judge as to requiring notice under this section and section 6-908.1, shall not be reviewable."

■ By an amendment to the original petition, the plaintiff attacked the constitutionality of the act of 1939 (Ga. L. 1939, p. 343; Code, Ann. Supp., §§ 105-712, 105-713), which provides that, as a condition precedent to bringing an action for newspaper libel, the plaintiff shall, at least five days before, notify the defendant in writing of such false article, and of the true state of facts, and relieves the defendant of general damages, under certain circumstances, when a proper retraction of the false article is made. It was alleged in the amendment that, by reason of the unconstitutionality of the statute, it was not necessary as a condition precedent to bringing the action that the notice required thereby be given to the defendant; but that, nevertheless, the plaintiff did comply with both the letter and spirit of the provisions of the act by giving such notice in writing more than five days before the action was instituted.

It is the established rule of this court that the constitutionality of an act of the legislature will not be passed on, unless a determination of such question is necessary in order to determine the merits of the case in which the constitutionality of the statute has been drawn in question. *McGill* v. *Osborne*, 131 *Ga.* 541 (62 S. E. 811) ; *Carter* v. *Dominey*, 157 *Ga.* 167 (121 S. E. 236) ; *Great Atlantic & Pacific Tea Co.* v. *Columbus*, 189 *Ga.* 458, 465 (6 S. E. 2d, 320).

The plaintiff, by alleging that more than five days before the action for libel was instituted, and within the statute of limitations, he gave the defendant both an oral and written notice of the appearance in his newspaper of the week of June 7, 1946, of the false statement, and that he informed him of the true state of facts, fully complied with the provisions of such statute, and the question as to whether the statute here attacked is unconstitutional is immaterial to a decision of this case. The petition was not subject to the general demurrer on the ground that it was prematurely brought.

■ A newspaper libel is defined in the Code, § 105-703, as "any false and malicious defamation of another in any newspaper, magazine, or periodical, tending to injure the reputation of any individual and expose him to public hatred, contempt, or ridicule." Section 105-709 declares that "comments upon the acts of public men in their public capacity and with reference thereto" are deemed privileged communications. However, a publication of and concerning the acts of public officials, if untrue and libelous, is not afforded immunity under this section of the Code. While the acts and conduct of public officials are subject to just criticism and comment by the press, the exercise of such right should be unrestricted only where the statements made in the publication are supported by the facts. A public officer has the same right to protection against newspaper libel as a private citizen. Freedom and "liberty of the press" do not give a publisher the right to publish libelous statements. *Lowe* v. *News Publishing Co.*, 9 *Ga. App.* 103 (5) (70 S. E. 607); *Horton* v. *Georgian Company*, 175 *Ga.* 261 (165 S. E. 443). In *Augusta Evening News* v. *Radford*, 91 *Ga.* 494 (17 S. E. 612, 20 L. R. A. 533, 44 Am. St. R. 53), it was said: "To one holding public office there is especial reason for affording protection against the malicious and insidious thrusts of the traducer. As a servant of the people, it is essential that he should enjoy their fullest confidence, respect and esteem. Those entrusted with the performance of official duties should be pure, upright, conscientious and painstaking; and public policy demands that they should be unembarrassed by false and unfounded expressions of distrust and contempt on the part of those they serve."

In the present action for libel, it was charged that the defendant, who was engaged in the publication of a newspaper, published an article therein to the effect that the plaintiff, as a Representative in the Georgia General Assembly, had claimed to be the author and sponsor of a certain tax-refund bill which had been enacted into law by the General Assembly, when as a matter of fact the records disclose that such bill had been introduced and sponsored by another representative. It was charged that such article was false, and known to the defendant to be false, and published by the defendant with the intent and purpose to falsely,

in print, denounce him as a person and as a public official, guilty of making an untrue statement of his acts and doings as a public servant, and of stating a falsehood to the people of the county who elected him to such public office. It was further charged that, as a result of the wilful and malicious publication of the false article, his good name and integrity as a public servant was libeled, slandered, and defamed, and that he was exposed to public ridicule and contempt. After a careful consideration of the newspaper article, we can not say, as a matter of law, that this publication would not tend to injure the reputation of the plaintiff as a person and as a public servant of the people who elected him to the office, and to expose him to public hatred, contempt, and ridicule. If the allegations of the petition were true, then he was at least entitled to have his case go to the jury. It was, therefore, error to sustain the general demurrer to the petition and dismiss the plaintiff's case.

*Judgment reversed. All the Justices concur, except Bell and Wyatt, JJ., absent on account of illness.*