38248.   SAVANNAH NEWS-PRESS, INC. v GRAYSON.

DECIDED JUNE 20, 1960—REHEARING DENIED JULY 7, 1960.

*Stephens & Gignilliat, Thomas H. Gignilliat,* for plaintiff in error.

*Lewis, Wylly & Javetz, Emanuel Lewis,* contra.

FELTON, Chief Judge. *Code* § 105-703 provides: "Any false and malicious defemation of another in any newspaper, magazine, or periodical, tending to injure the reputation of any individual and expose him to public hatred, contempt, or ridicule, shall constitute a newspaper libel, the publication of such libelous matter being essential to recovery." The publishing company contends that the editorials are not libelous per se in that they are fair comments on the works of a political candidate and that they cannot be construed to charge immoral or reprehensible conduct on their face and that since no innuendo is alleged no case is alleged since no special damages are alleged. While this case is a temptation to expatiate on the subject of libel, it is to us a comparatively simple one. It seems to us that the simple question is: could each editorial have been understood by the average reader to charge the plaintiff with such conduct as to tend to injure the reputation of the plaintiff and expose him to public hatred, contempt or ridicule? Cases from other jurisdictions are interesting, but we need search no further than our own precedents to find the answers to problems posed in this case. To sustain the contention of the defendant, this court would have to hold as a matter of law that the words used are not actionable per se, that is, that they did not tend to injure the plaintiff's reputation. *Mell v. Edge,* 68 Ga. App. 314 (22 S. E. 2d 738). This court cannot say as a matter of law that the editorials do not tend to injure the plaintiff's reputation in the minds of the average reader of the editorials. What the reader understood the editorials to mean, in this case, is a jury question. *Augusta Evening News v. Radford,* 91 Ga. 494 (17 S. E. 612, 20 L. R. A. 533, 44 Am. St. Rep. 53) ; *Horton v. Georgia Co.,* 175 Ga. 261, 274 (165 S. E. 443) ; *Atlanta Journal Co. v. Doyal,* 82 Ga. App. 321 (60 S. E. 2d 802) ; Yelle v. Cowles Publishing Co., 53 A. L. R. 2d 1 and annotation following; *Davis v. Macon Telegraph Publishing Co.,* 93 Ga. App. 633 (92 S. E. 2d 619). As to the first editorial, this court cannot say as a matter of law that it did not accuse Mr. Gray-

son as well as the Governor of making a false promise to the people of Chatham county to obtain the bridge for the sole purpose of promoting Mr. Grayson's campaign for the legislature. As to the second editorial it is doubtful whether it in and of itself could be understood to materially tend to injure Mr. Grayson's reputation but in connection with the first editorial we think it is a jury question whether the charge that the obtaining of the bridge was due to political cronyism tends to be injurious to plaintiff's reputation by a repetition of the first charge, if the first was in fact such a charge as alleged. As to the third editorial there is a question for the jury whether it charged Mr. Grayson with participating in the flagrant waste of more than $120,000 of public money. The additional contention of the defendant that the editorials are solely fair comment on the works and political conduct on the part of a candidate for office and that they cannot be said by a jury to injure the reputation of the plaintiff as an individual are not well taken. The Supreme Court of this State has held in effect that the fact that one is in politics does not remove his humanity. Often comment upon one's political actions imputes immorality or lack of integrity to the individual. It is a false philosophy to frame one code of morals, character and integrity for the person who seeks public office and another for those outside of politics. Decent and self-respecting citizens should be encouraged to seek public office rather than be deterred by such a false philosophy.

The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Bell, J., concurs. Nichols, J., concurs specially.*

NICHOLS, Judge, concurring specialy. While I agree with everything that is said in the majority opinion of my colleagues with reference to the first two editorials as published by the defendant in this case, I cannot agree with the conclusion and holding in the majority opinion with reference to the third editorial under consideration in this case. *Code* § 26-4201 provides: "Any two or more persons who shall conspire or agree to defraud, cheat, or illegally obtain from the State, or any county thereof, or from any public officer of this State, or any county

thereof, or any person exercising the duties of any such office, any property belonging to the State or county, or under the control or possession of said officers as such, shall be punished by imprisonment and labor in the penitentiary for not less than two nor more than 10 years." The third editorial, exhibit "C", not only imputes to the plaintiff a lack of proper conduct on his part in that he was actuated by corrupt, selfish, personal political motives, but more than that, the language used charging him with inducing and participating with State officials in a "flagrant waste of $120,000" of public funds, constituted and amounted under section 26-4201, supra, to charging him with the commission of a crime.

Although it might be argued that the acts and doings the editorial charges the plaintiff with having committed, and which form the basis for this law suit might not be sufficient to support an indictment, by a grand jury under § 26-4201, supra, nevertheless the law of libel does not contemplate nor require the same technical ingredients that are necessary for an indictment, by a grand jury, to be present in a newspaper article in order for same to be libelous per se, where, as in this case, the language employed in the editorial charges the plaintiff with having violated a criminal statute. It is libel per se to charge a person with a crime. *Atlanta Journal Co. v. Doyal*, 82 Ga. App. 321 (60 S. E. 2d 802); *Davis v. Macon Telegraph Publishing Co.*, 93 Ga. App. 633 (92 S. E. 2d 619); Yelle v. Cowles, 46 Wash. 2d 105 (278 P. 2d 671, 53 A. L. R. 2d 1).

Accordingly, I am of the opinion that the third editorial published by the defendant was libelous per se.