38223. FLOYD v. ATLANTA NEWSPAPERS, INC.

Decided December 1, 1960—Rehearing denied
December 15, 1960.

F. H. Boney, Archibald A. Farrar, for plaintiff in error.

B. P. Gambrell, John E. Dougherty, contra.

TOWNSEND, Presiding Judge. ■ "At common law, it was not necessary that written or printed defamatory words should charge a crime in order to make them actionable, but it was sufficient if they tended to bring a man into public hatred, contempt, or ridicule. . . The definition of libel recognized at common law has been adopted by statute in this state." *Augusta Evening News v. Radford,* 91 Ga. 494 (17 S. E. 612, 20 L. R. A. 533, 44 Am. St. Rep. 53). See also *Stewart v. Swift Specific Co.,* 76 Ga. 280 (2 Am. St. Rep. 40), and *Spence v. Johnson,* 142 Ga. 267, 270 (82 S. E. 646, Ann. Cas. 1916A 1195). In Odgers, Libel and Slander, pp. 2 and 377, it is broadly stated

that damages will be presumed from the nature of the words themselves "if the words, being written and published or printed and published, disparage the plaintiff or tend to bring him into ridicule and contempt" and that proof of special damage is not necessary in any action for libel. Where the words are capable of but one construction, and that not defamatory, a general demurrer will lie. *Garland v. State,* 211 Ga. 44 (84 S. E. 2d 9). Where the only possible construction is that the words are libelous per se, upon proof thereof the only remaining question for the jury is that of damages; in other cases the question of whether the words, used in the signification and in view of the extrinsic circumstances alleged, constitute libel, will remain a jury question. *Aiken v. May,* 73 Ga. App. 502 (37 S. E. 2d 225); *Weatherholt v. Howard,* 143 Ga. 41 (4) (84 S. E. 119). The *Weatherholt* case also points out that a so-called "business libel" may be actionable because of special damages although not libelous per se. No special damages are sought in the present case, and the point is important here only for the purpose of distinguishing certain cases as against the argument that special damages need be shown in a libel case such as this. In *Mell v. Edge,* 68 Ga. App. 314 (2) (22 S. E. 2d 738), quoting 33 Am. Jur. 78, § 60, it is stated: "As respects a charge of failure to pay debts, without any imputation of insolvency, it seems to be settled that a writing containing the mere statement that a person who is not a trader or merchant, or engaged in any vocation wherein credit is necessary for the proper and effectual conduct of his business, owes a debt and refuses to pay, or owes a debt which is long past due, is not libelous per se and does not render the author or publisher of such statement liable without proof of special damages." Thus, delinquent debtor cases, such as the *Mell* case, *Estes v. Sterchi Bros. Stores,* 50 Ga. App. 619 (179 S .E. 222), *Haggard v. Shaw,* 100 Ga. App. 813 (112 S. E. 2d 286), and similar cases, stand in a class by themselves and have no bearing upon a cause of action such as the present one. They hold that merely to charge one as a delinquent debtor is, as a matter of law, not libelous per se under the provisions of *Code* §§ 105-701 and 105-703. Whether or not such cases are correct under common-law limits need not concern

us now, although it is noted that in *Holmes v. Clisby*, 118 Ga. 820, 822 (45 S. E. 684) it is held that while a publication which has the tendency to injure the reputation of the person against whom it is directed and expose him to public hatred, contempt, or ridicule is actionable generally, one which has the effect merely of disparaging a tradesman's goods is not actionable without an allegation of special damages. We know of no other exceptions where in libel special damages are necessary to sustain the cause of action, but the case under consideration if it alleges a cause of action does so on the theory that it shows the plaintiff suffered an injury to his reputation, for which right of action no special damages are necessary. As stated in *Brandon v. Arkansas Fuel Oil Co.*, 64 Ga. App. 139, 146 (12 S. E. 2d 414): "A libelous charge is just as effectively harmful, and therefore actionable per se, i.e., without proof of special damages, whether the harmful effect results from words which directly and unequivocally make the charge, or whether it results from words which do so indirectly or by inference. It is the harmful effect of the defamatory language which renders it actionable per se, and not its directness or unequivocal nature." That this is in conformity both with the common-law rule, the present English rule, and the view of the American Law Institute, see Restatement of the Law, Torts, Sec. 569, "Liability without proof of special harm, when imposed—libel." Accordingly, the petition is not in any event subject to general demurrer because no special damages are alleged.

■ In considering whether a newspaper publication may be libelous, the headline and body of the article must be considered together. *Augusta Chronicle Publishing Co. v. Arrington*, 42 Ga. App. 746 (157 S. E. 394). And where the writing may be understood by the average reader in either of two senses, it is proper to allege in what sense it was actually understood by the reader. The plaintiff here alleges that the article falsely states that he opposed the bill in question; that he offered an amendment to it; that he tried to "knock out" a section of it, and that he was a "Griffin man." As to the first three of these four false statements, the plaintiff alleges that their purpose was to represent him as a man who opposed honesty in government and

opposed the passage of legislation for the purpose of promoting honesty in government when in truth and in fact the plaintiff was promoting the bill and his suggestions were made for the purpose of strengthening it. It appears to us that the headline "2 HOUSE MEMBERS FIGHT 'HONESTY' BILL," immediately followed by the names of the plaintiff and another, and by a quotation to the effect that since the only purpose of the bill was to promote honesty and integrity in government the speaker could not conceive of anyone opposing it, taken together alleges a sufficient factual basis to support the conclusions that the article was intended to be and was understood by the average reader as conveying a slur upon the plaintiff's character and reputation, tending to expose him to public hatred, contempt, and ridicule. Where the court cannot say as a matter of law that the newspaper article does not tend to injure the plaintiff's reputation in the minds of the average reader, a jury question is presented. *Savannah News-Press v. Grayson,* 102 Ga. App. 59 (115 S. E. 2d 762); *Barwick v. Wind,* 203 Ga. 827 (48 S. E. 2d 523).

The trial court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Felton, C. J., Carlisle, Nichols, Bell and Jordan, JJ., concur. Frankum, J., dissents.*

FRANKUM, Judge, dissenting. I agree with the majority opinion that the law of libel is broader than the law of slander, but I am of the opinion that the facts alleged in this petition do not bring this case within the so-called "libel *per se*" rule. It is pointed out in the majority opinion that the Georgia interpretation of libel is broader than in other jurisdictions, in that, not only do words alleged in a petition to be libelous *per se* ordinarily take their meaning from the words themselves, but the Georgia rule adds that should the words be ambiguous, a party may show by innuendo that one of the meanings of the printed words was intended to, and did have, the manifest effect of being injurious to his reputation. *Holmes v. Clisby,* 118 Ga. 820 (45 S. E. 684). See *Brandon v. Arkansas Fuel Oil Co.,* 64 Ga. App. 139 (12 S. E. 2d 414); *Williams v. Equitable Credit Co.,* 33 Ga. App. 441 (126 S. E. 855). Also see a discussion of this

principle in a slander case, *Cooper v. Perry*, 2 Dud. (Ga. Dec.) 247 (1833). And words innocent in nature but which could be understood in a double sense may be shown to be libelous. *Southeastern Newspapers, Inc. v. Walker*, 76 Ga. App. 57 (44 S. E. 2d 697).

In the instant case the words in the headline and the accompanying article, to the effect that the plaintiff, a representative in the State legislature, "opposed the 'honesty' bill," do not impart an ambiguity which may be demonstrated by innuendo to be libelous *per se*. Furthermore, the quote of another legislator that "I can't see anyone opposing it," after stating the supposed purpose of the bill, does not impute dishonesty to the plaintiff. I have to digress here a moment to say that the plaintiff does not make a single allegation in his petition that the newspaper's publication of the quotation by his fellow legislator was libelous, nor is there an allegation to show that the quotation of a fellow legislator is outside the privilege of reporting legislative proceedings. *Code* § 105-704. Therefore, this portion of the publication neither helps nor detracts from the plaintiff's action. The gist of the plaintiff's petition complains that the newspaper reported that the plaintiff "opposed the 'honesty' bill," when in fact, he supported it; which report, when read, infers the plaintiff is dishonest, and, therefore, the publication is libelous. As stated below, this does not intrinsically imply that the plaintiff is dishonest. There is nothing immoral, dishonest, or incorrect for a legislator to oppose a particular bill before the General Assembly. *Anderson v. Kennedy*, 47 Ga. App. 380 (170 S. E. 555). Particularly is this true if the alleged statements do not imply an ulterior or sinister motive to the plaintiff as a basis for his opposition to the bill. The assumption that the plaintiff opposed the alleged "honesty bill" does not imply that the plaintiff is dishonest, but only for any number of reasons he opposed the passage of this bill by the legislature. Therefore, the additional allegation that the words (which are not libelous in themselves) subjected the plaintiff to public embarrassment, humiliation and contempt, add nothing to the allegations, because such allegation is nothing but a conclusion unsupported by properly pleaded facts. The rule is stated in *Savannah*

*News-Press, Inc. v. Harley,* 100 Ga. App. 387 (1b) (111 S. E. 2d 259), as follows: "A demurrer admits all well pleaded allegations of a petition but does not admit conclusions of the pleader unsupported by facts authorizing such a conclusion. *Lee v. City of Atlanta,* 197 Ga. 518, 520 (29 S. E. 2d 774); *Robertson v. Panlos,* 208 Ga. 116, 118 (65 S. E. 2d 400). Accordingly, the allegations of this petition such as those characterizing the publication as libelous and libelous per se are mere conclusions not supported by the pleaded facts. Likewise, the allegations of the petition that the plaintiff 'has not been and is not guilty of the offense charged or intended to be charged by said letter and article,' and that 'the same are untrue, unfair and without foundation in fact' are conclusions of the pleader not supported by the pleaded facts and are not admitted on demurrer."

If the published article is not libelous *per se,* is there any other type of action that can be brought under the libel law? The contention is raised that there is no such degree of libel as libel *per quod.* If this contention is true, the use of the term libel *per se* by our courts down through the years is a misnomer, in that, "libel" is "libel." The use of the qualifying clause "*per se*" implies the existence of some other degree of libel. See *Weatherholt v. Howard,* 143 Ga. 41 (84 S. E. 119); *Holmes v. Clisby,* 118 Ga. 820, supra; *Davis v. Macon Tel. Pub. Co.,* 93 Ga. App. 633 (92 S. E. 2d 619); *Anderson v. Kennedy,* 47 Ga. App. 380, supra; *Harrison v. Pool,* 24 Ga. App. 587 (101 S. E. 765). It is important to note at this juncture that Black's Law Dictionary defines *per quod*: "When the declaration in an action of tort, after stating the acts complained of, goes on to allege the consequences of those acts as a ground of special damage to the plaintiff, the recital of such consequences is prefaced by these words, '*per quod,*' whereby; and sometimes the phrase is used as the name of that clause of the declaration." Or, "Words 'actionable per quod' are those not actionable per se upon their face, but are only actionable in consequence of extrinsic facts showing circumstances under which they were said . . ." In other words, *per quod* is to show by innuendo or by an allegation of special damages *whereby* a plaintiff has been injured.

Whatever other jurisdictions have held, I am bound by the

prior decisions of this court unless they are overruled. This court has adjudicated that there is a degree of libel requiring allegations by innuendo and allegations of special damages in order to set forth a cause of action—hence, libel *per quod* by definition, though not designated as such by name. *Haggard v. Shaw*, 100 Ga. App. 813, supra; *Mell v. Edge*, 68 Ga. App. 314, supra; *Estes v. Sterchi Bros. Stores*, 50 Ga. App. 619, supra; *Anderson v. Kennedy*, 47 Ga. App. 380, supra. The effect of the majority opinion is to sweep these cases under the rug by saying they have no bearing on the instant case and refer only to delinquent debtor cases. If the principle is sound for one classification of individuals in libel actions, it is sound for all persons unless there is some legal reason for holding otherwise. I have found no legal reason to exclude this principle in this case. The mere reading of these cases requires the conclusion that, under the Georgia law, there may be libel *per quod* which requires an allegation of special damages to sustain it. In fact the *Anderson* case, which is very similar in principle to the instant case, specifically ruled upon various allegations as failing to allege special damages before reversing the trial court's ruling which had overruled a general demurrer.

A petition may show by innuendo that such words, though not libelous *per se*, were falsely and maliciously printed to defame the plaintiff, and, therefore, are libelous *per quod*. See 53 C. J. S. 41, Libel and Slander, § 8; *Holmes v. Clisby*, 118 Ga. 820, supra; *Haggard v. Shaw*, 100 Ga. App. 813, supra; *Davis v. General Finance &c. Corp.*, 80 Ga. App. 708 (57 S. E. 2d 225); *Mell v. Edge*, 68 Ga. App. 314, supra; *Estes v. Sterchi Bros. Stores*, 50 Ga. App. 619, supra; *Anderson v. Kennedy*, 47 Ga. App. 380, supra. See *Weatherholt v. Howard*, 143 Ga. 41, supra; *Harrison v. Pool*, 24 Ga. App. 587, supra. A public officer is entitled to be protected from libel to the same extent as any other citizen (*Lowe v. News Publishing Co.*, 9 Ga. App. 103, 70 S. E. 607), and this includes his right to have a correct and honest report of his position on public issues *if such report is printed*. See *Barwick v. Wind*, 203 Ga. 827, supra; *Augusta Evening News v. Radford*, 91 Ga. 494 (17 S. E. 612, 20 L. R. A. 533, 44 Am. St. Rep. 53); *Savannah News-Press v. Grayson*, 102 Ga. App. 59, supra.

The allegation that the alleged libel injured the plaintiff's political career will not support special damages. *Anderson v. Kennedy,* 47 Ga. App. 380, supra. Though the petition avers that the plaintiff "fears for his continued employment" with a certain organization, this allegation is insufficient to allege special damages, in that it is nowhere averred that the plaintiff lost his employment or suffered a .pecuniary damage. *Mell v. Edge,* 68 Ga. App. 314, supra. Even if the allegation that the publication subjected the plaintiff to the "butt" of jokes, ridicule, or contempt, sets forth sufficient facts authorizing a claim for special damages (*Augusta Chronicle Publishing Co. v. Arrington,* 42 Ga. App. 746, supra) and is not a conclusion unsupported by properly pleaded facts, the plaintiff, by his petition and prayer therein, fails to claim special damages.

The only damages asked for in the *ad damnum* clause of the petition are as follows: ". . . [P]laintiff is entitled to damages to deter the defendant from repeating the acts of libel complained of and demands general and exemplary and punitive damages against the defendant in the sum of two hundred fifty thousand dollars ($250,000)." The only prayer by the plaintiff for damages is for general, exemplary, punitive damages, and expenses of litigation in stated amounts. The plaintiff has cast his complaint upon the theory that he is entitled to recover of the defendant general damages, with additional exemplary or punitive damages, and expenses of litigation. The plaintiff claims general damages to which he is not entitled, as only special damages will support an action for libel *per quod.* "Where it is necessary to allege special damages in order to set out a cause of action the particular loss or injury must be distinctly stated, and the ad damnum clause, that the plaintiff has been damaged in the amount of $25,000, is not the equivalent of such an averment." *Ajouelo v. Auto-Soler Co.,* 61 Ga. App. 216 (6 S. E. 2d 415); Schweikert v. New York Evening Journal, 132 Misc. 169, 229 N. Y. S. 662; Harriss v. Metropolis, 118 Fla. 825, 160 So. 205; 53 C. J. S. 269-271, Libel and Slander, § 170c. Strictly construing the petition against the pleader and stripping it of conclusions, the petition asks for no special damages. To hold the petition sets forth a cause of action for gen-

eral damages would erase the distinction between libel *per se* and libel *per quod*. As to the remaining claim for damages, exemplary or punitive damages cannot properly be claimed in a petition which does not set forth a cause of action for other damages. *Foster v. Sikes*, 202 Ga. 122 (42 S. E. 2d 441); *Hitchcock Corp. v. Turner*, 102 Ga. App. 452 (116 S. E. 2d 653); *Beverly v. Observer Pub. Co.*, 88 Ga. App. 490 (77 S. E. 2d 80). Consequently, the petition fails to set forth a cause of action, and the trial court did not err in sustaining the general demurrer.

I further believe that any discussion of special damages under the majority opinion is superfluous in that such element is not required under its holding. Because I feel it is the duty of the court to eliminate any confusion that creeps into its decisions, I have written this rather lengthy dissent. I, therefore, feel that if the majority wishes to discuss the above cases dealing with the necessity of allegations of special damages as an essential element to set forth a cause of action in relation to the instant case, the holding of these cases should not be put in a corner as having no bearing on the instant case, but should be adhered to or overruled. As the majority has not seen fit to overrule them, I am bound by them whether I agree with the holdings or not, no matter what courts of other jurisdictions have held or what other treatises have stated the rule to be. However, upon reflection, I find no reason of law that would deny a plaintiff an action for a false publication which, though not libelous *per se*, caused the plaintiff special damages. "For every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other." *Code* § 3-105. See also *Code* § 105-101. My opinion is that the instant case does not come within the libel *per se* rule, but falls within the classification which requires an element of special damages in order to constitute a cause of action. For reasons stated above, the petition, stripped of its conclusions, does not measure up to this classification, and, therefore, is subject to general demurrer.