## 48546. DeLOACH v. MAURER.

QUILLIAN, Judge. Gwynne D. Maurer brought a complaint for libel against J. Larry DeLoach in the Douglas Superior Court. The complaint was predicated on a letter to the editor of the Douglas County Sentinel. The first count concerned the letter as written and sent to the Douglas County Sentinel; the second count was predicated on the letter after certain changes had been made in it and it was published by the newspaper.

The letter is set forth as it was originally written and then followed by the portion which was changed when the letter was published. The first letter reads as follows: "Editor: I wonder what is the consensus of the citizens of Douglasville regarding city officials owning, operating, leasing or renting a Package Store selling beer and wine? Most people are aware that it is the mayor's duty to see that our local ordinances are enforced as well as state statutes and to further ensure that the Dept. Heads within the city carry out their duties.

"It is seriously doubted that there will be impartial enforcement of the beer ordinance as long as any city official owns, controls, or protects the party holding lease from losing same.

"*Our Mayor the Honorable Gwynne Maurer owns the Anchor Package Store on Fairburn Rd. formerly known as the Tee Pee Drive Inn. There appears to be a 'conflict of interest' here being in the business, and also having a duty to enforce the Beer and*

*Wine Ordinances.* Can the citizens of Douglasville expect impartial enforcement of these ordinances? The mayor being the Chief Executive Officer of the city and superior to all city Department Heads including the Chief of Police and serving as Chairman of the Public Safety (Police) Committee, I have some reservations.

(A) "I feel that the city needs an ordinance prohibiting elected city officials from holding a malt beverage or wine license directly or indirectly and further to ensure that the public is not deceived by those officials claiming that building/business is leased, rented, loaned etc. having the license in someone else's name if said official has any interest whatsoever in property or building.

"I would like to know what interest Councilman E. Malcolm James 'the puppet' has in the operation of the package store since he devotes so much time there?

(B) "I am not against the 'free enterprise' system but, it is apparent that the council should exercise more prudence in the approval of a beer license and also in other matters — zoning approvals and, purchase of property when city officials are a party in the property being zoned, or bought by the city. The Real Estate Speculators, if a member of council, should disqualify himself from voting and those other officials that may gain financially should make this public before council's decision on the respective issue."

The second letter was identical except the following portion was substituted for that italicized in the first letter: "Our Mayor the Honorable Gwynne Maurer owns the property on which the Anchor Package Store on Fairburn Rd. is located formerly known as the Tee Pee Drive Inn. There appears to be a 'conflict of interest' here owning property on which the business is located, and also having a duty to enforce the Beer and Wine Ordinances."

The first count of the petition alleged: that the effect of the letter was to charge the plaintiff with malfeasance and contemptuous conduct tantamount to unlawful activity, by questioning his impartial enforcement of the beer ordinance; that the second paragraph of the letter was false and that the plaintiff never owned directly or indirectly the Anchor Package Store and had no interest in the operation or any interest in the license of the business. It was further alleged: that the plaintiff was charged with misconduct by the paragraph labeled herein as (A); that by "less than subtle innuendo" the defendant had implied that the

plaintiff had an interest in the package store and was deceiving the general public by claiming that the business and license was in someone else's name; that the defendant charged the plaintiff with corrupt practices by implying the plaintiff was financially interested in the property for which rezoning was sought; that the letter contained false, misleading statements such as the paragraph labeled herein as (B); that the plaintiff had never been financially interested in property which came before the council on application for rezoning.

It was alleged that the letter will injure plaintiff's reputation individually and as a business man and will subject him and his wife and children to public hatred, contempt and ridicule; that the letter was written and published intentionally and with malice and utter disregard for the truth; that the plaintiff and his family have suffered severe damages in the community in which he lives and has his place of business as a direct result of the libelous, false statements and innuendos made by the defendant. The second count contained substantially similar allegations. The plaintiff sought recovery for $50,000 in Count 1 and $50,000 in Count 2 of the complaint.

The defendant filed a motion to dismiss the action because the complaint failed to state a claim against the defendant upon which relief can be granted. After a hearing, the trial judge overruled the defendant's motion to dismiss and upon a certificate being entered, appeal was taken to this court. *Held:*

1. We first point out that under New York Times Co. v. Sullivan, 376 U. S. 254 (84 SC 710, 11 LE2d 686, 95 ALR2d 1412), that the plaintiff as a public official is required to show that the defendant published the libel with actual malice as described in that opinion. Since this is on motion to dismiss, we are not disposed to find that the pleadings revealed an absence of actual malice even though there are no express allegations to this effect.

2. In the first count of the complaint, it is alleged that the plaintiff is falsely charged with ownership of the liquor store. It is then alleged that the statements made and questions posed attack by innuendo the plaintiff's integrity and show that he was acting in an official capacity for his own profit. In such circumstances, this court has often pronounced the rule that: "Whenever a publication is susceptible of two constructions, one of which would make it libelous and the other not, it is for the jury to say whether the words are in fact libelous. . . The plaintiff cannot by innuendo draw from a writing a conclusion not justified by

the language used; but it is competent for the plaintiff to explain in this way an ambiguous publication, to point out the intention of the author, and to show wherein the effect of the language was to injure his reputation. . . Words harmless in themselves may become libelous when the circumstances under which they are published are such as to convey a covert meaning to the reader reflecting injuriously upon the reputation of the person to whom they refer." *World Insurance Co. v. Peavy,* 110 Ga. App. 651, 654 (139 SE2d 440). See *Savannah News-Press, Inc. v. Grayson,* 102 Ga. App. 59 (115 SE2d 762); *Floyd v. Atlanta Newspapers, Inc.,* 102 Ga. App. 840 (117 SE2d 906).

3. We recognize that "Comments upon the acts of public men in their public capacity and with reference thereto" constitute privileged communications. Code § 105-709 (6). "But such privilege is not absolute. It is conditional. If used as a cloak for venting private malice, and not bona fide in promotion of the object for which the privilege is granted, the party defamed has a cause of action." *McIntosh v. Williams,* 160 Ga. 461, 464 (128 SE 672). See *Veazy v. Blair,* 86 Ga. App. 721, 723 (72 SE2d 481); *Edmonds v. Atlanta Newspapers, Inc.,* 92 Ga. App. 15, 20 (87 SE2d 415); *Fedderwitz v. Lamb,* 195 Ga. 691, 692 (25 SE2d 414). Hence, such privilege will not be sustained where actual malice is shown and thus whether the comments were privileged is for the jury. *Lamb v. Fedderwitz,* 68 Ga. App. 233, 234 (22 SE2d 657); *Atlanta Journal Co. v. Doyal,* 82 Ga. App. 321 (2, 3) (60 SE2d 802); *McIntosh v. Williams,* 160 Ga. 461, supra.

4. The motion to dismiss was addressed to the entire complaint and must be overruled where one of the counts sets forth a claim. *Western Contr. Corp. v. State Hwy. Dept.,* 123 Ga. App. 331, 333 (1) (181 SE2d 89). We therefore do not specifically rule upon the second count. The trial judge correctly overruled the defendant's motion to dismiss.

*Judgment affirmed. Bell, C. J. , and Deen, J., concur.*

Submitted September 11, 1973 — Decided February 8, 1974.

*Alton T. Milam,* for appellant.
*Noland & Coney, John L. Coney,* for appellee.